ALBANY,
Feb. 1835.

THE SUPERINTENDENTS OF THE POOR OF THE COUNTY OF ONTARIO *vs.* A. W. MOORE.

Superintendents of Poor of Ontario.
v.
Moore.

The prevailing party in an *appeal* from an *order of filiation*, to whom costs are awarded, is entitled only to *taxable costs*.

February 19.

COSTS on appeal from an order of bastardy. An order of filiation was made by two justices, adjudging A. W. Moore to be the reputed father, &c. Moore appealed to the general sessions of Ontario, who after hearing evidence, quashed the order, and awarded *costs* to be paid to him, which were taxed by three of the judges of the county courts of Ontario, at the sum of $96,15. The taxation was opposed by the counsel for the superintendents of the poor of the county. By arrangement between the counsel, and by the desire of the general sessions, the bill as taxed is submitted to the supervision of this court.

The bill is composed of the following items: Retaining fee $2,50 ; attorney's fee at three several terms, $2 each term ; brief 75 cents ; counsel fee on the argument of the appeal $20 ; subpœnas, service of subpœnas attendance and travel of witnesses, and a few other incidental charges.

The counsel for the superintendents insisted that though under the law as heretofore in force, 1 R. L. 310, § 11, the court of sessions were authorized to award to the prevailing party such costs and charges as the court in its discretion deemed reasonable, such power no longer existed. The provision of the statute now is, that the court shall award *costs* to the party in whose favor the appeal is determined, 1 R. S. 649, § 37, and not *costs* and *charges*, such as the court *in its discretion* shall deem reasonable. Under this view of the statute, there could be no pretence for the allowance of a fee of $20 to counsel. It was further insisted, that as by the statute *witnesses* may be compelled to testify in these causes in the same manner as in *criminal cases*, 1 R. S. 647, § 27, and as no fees are allowed in a criminal case to a witness, either

ALBANY,
Feb. 1835.

Superintend-
ents of Poor
of Ontario.
v.
Moore.

for the people or the defendant, 2 R. S. 729, § 59 and 65, the appellant here was not entitled to an allowance for witnesses' fees.

*By the Court,* SUTHERLAND, J.   The question is, can the sessions, in a case like this, allow more than *taxable costs ?* There is a marked distinction between phraseology of the revised statutes on this subject, and the law as it heretofore existed.   Formerly it was the duty of the general sessions to award to the party in whose favor an appeal of this kind was determined, " such *costs* and *charges* as the said justices *in their discretion shall deem reasonable,*" to be paid by the losing party.   1 R. L. 310, § 11.   Now the language of the statute is, " The court shall award *costs* to the party in whose favor any such appeal shall be determined.   1 R. S. 649, § 37.   This shows an intent to change the law. All discretion is taken away, and nothing can be taxed but what is strictly and technically *costs*.   Consequently the allowance of $20 for a counsel fee was unauthorized. I think, however, there is no force in the objection to the allowance of witnesses' fees.   The provision in the statute to which reference has been made, 1 R. S. 647, § 27, does not necessarily deprive witnesses of their right to fees ; such was not its object.   The intent of the legislature was to provide for the compulsory attendance of witnesses, an appeal not being properly a cause pending in court ; and without some legislative enactment, there would have been no authority to issue process for the attendance of witnesses.   Besides, it is undeniable that the legislature intended to give *costs* to the prevailing party ; and if witnesses' fees as well as counsel fees are stricken out, the provision as to costs would be useless. My opinion therefore is, that the charge of $20 for counsel fees ought to be stricken out, and that the residue of the charges are proper.*

---

\* A similar question was some time since submitted to this court by the judges of the county courts of Otsego, in which Mr. Justice NELSON delivered an opinion substantially the same as the above.  He observed : " The language of the revised statutes is certainly more guarded and restricted on this subject than that found in the former statute, and I am of opinion that the

---

legislature intended to take away the discretion before entrusted to courts of sessions, in the allowance of costs to the prevailing party. These statutes contemplate a regular taxation of the costs; for they provide, that in certain cases the amount shall be paid on the production of a certified copy of the order awarding costs, and of the *taxed bill of such costs.* 1 R. S. 649, § 37. Costs can be taxed only according to the fee bill established by law, which leaves nothing to the discretion of the court or the taxing officer. This is the obvious intent of the legisl ture, to be derived as well from the language of the section above referred to, as from the marked dffference between it and the old law. But if that intent was doubtful, I have no hesitation in adopting the above construction. There is no reason for discrimination in the allowance of costs between a case of this kind and ordinary suits prosecuted in court. There is nothing more troublesome to courts or more liable to abuse, than a discretionary power in the allowance of costs, charges and expenses. It is not unfrequent that the suit or litigation is conducted with express reference to such costs, charges and expenses; and it is difficult to detect the pretences plausibly urged to justify the expenses incurred. Besides, did such discretionary power exist, no fixed or general rule of allowance could be established; each case would depend upon its peculiar circumstances, and instead of a uniform rule prevailing throughout the state, not only would different principles govern in the decision of questions of this kind in the different counties of the state, but the same rule would not be observed in all cases in the same county." *Vide etiam Potter* v. *Richards*, 10 Wendell, 607, in which the CHIEF JUSTICE gives a construction to the words *costs and expenses*, allowed to a defendant discharged from arrest under the *non-imprisonment act.*