## COURT OF SESSIONS.

GEORGE A. FELLOWS, overseer, &c., agt. PETER LANE.

*Costs — Awarded in a bastardy case pursuant to section 873 of the Criminal Code—By whom to be taxed.*

The prevailing party in a bastardy case is entitled to taxable costs and no others. And where costs are awarded to plaintiff pursuant to section 873 of the Criminal Code, such costs should be taxed by the clerk.

*Monroe county, September,* 1884.

APPLICATION to the court to tax costs in a bastardy case.

*W. P. Chase* and *T. L. Hulburt,* for plaintiff.

*S. B. McIntyre,* for defendant.

MORGAN, *Co. J.*— The defendant having been held by two justices as the putative father of a bastard child, appealed to this court, where the order of the justices was affirmed and costs were awarded to the plaintiff, pursuant to section 873 of the Criminal Code. The plaintiff thereupon makes this application to the court to adjust and fix the amount of the costs. The defendant objects that the costs should not be taxed by the court but by the clerk. I think the objection is well taken. The only case to which my attention has been called is *Superintendent, &c.,* agt. *Moore* (12 *Wend.,* 273), in which the costs were taxed by " three of the judges of the county courts " of the county. The provision of the statute (1 *R. S.,* 649, *sec.* 37) in force at the time of that case (1834), was substantially the same as that of section 873 of our present Code, and the court there held that the prevailing

party was entitled to taxable costs and no others. But the fact that they were then taxed by three of the then somewhat numerous "judges of the county courts of the county," is no proper precedent for a taxation of costs by the judges of the court now, because although they then, as now, held or could hold the "court of general sessions," still at that time costs were taxed in the common pleas (which corresponded to our present county court) by the "first judge of the county or by some other judge of such county, being of the degree of counselor in the supreme court; and in case of the absence of the judges so authorized, by the clerk of the court" (2 *R. S.*, 282, *sec.* 35), whereas now costs in civil actions "must be taxed by the clerk upon the application of the party entitled thereto" (*Code Civil Pro., sec.* 3262). There is now no other officer authorized by statute to tax costs in any action except the clerk. Inasmuch, therefore, as the court held in *Superintendents* agt. *Moore* (*supra*), that the word "costs" in the statute meant the costs of a civil action, it seems to me that the taxation should follow in the same manner and be attended to by the same officer.

The application is therefore denied.

JAMES C. BAIRD and WILSON W. BROWN, sessions justices, concurred.