RALPH MAYHAM, AS OVERSEER OF THE POOR, ETC., RESPONDENT, *v.* IRA H. ALLEN, APPELLANT.

*Order of filiation reversed on appeal and the defendant discharged on the merits — amount of costs taxable in his favor.*

Where a defendant has been held on a trial before two justices of the peace by an order of filiation, and on appeal to the Court of Sessions such order has been vacated and the defendant held for a trial on the merits, on which he is held not to be the father of the child, the costs are to be governed by section 3073 of the Code of Civil Procedure, the proceeding being analogous to that on an appeal from a Justice's Court where a new trial is had in the County Court.

APPEAL from an order of the Schoharie County Court and Court of Sessions of December 5, 1887, denying a motion for a retaxation of costs in bastardy proceedings in which the defendant was discharged, and costs were awarded in his favor

*M. S. Wilcox*, for the appellant.

*C. E. Nichols*, for the respondent

LEARNED, P. J.:

The court must award costs to the party in whose favor an appeal is determined. (Criminal Code, § 873.) Costs are not defined in this Code; probably because in most matters treated of there are

no costs; bastardy proceedings are the exception. By section 850, Criminal Code, the justices are in a certain case to certify the reasonable costs. It would seem that these costs included an attorney's fees. (*Neary* v. *Robinson*, 98 N. Y., 81.) In *Superintendent of Poor* v. *Moore* (12 Wend., 273) similar language in the Revised Statutes was held to mean taxable costs. We think that is the proper meaning here. What, then, should the costs be? The defendant was held by an order of filiation made by two justices. He appealed to the Court of Sessions. That court vacated the order and held defendant to trial on the merits. On the trial of fact the defendant was held not to be the father of the child, and judgment for him was granted, with costs.

Now it seems to us that this proceeding is most analogous to an appeal from a Justice's Court, and a new trial in the County Court; and that the costs provided in Code Civil Procedure (§ 3073) should govern. It is held, in substance, that this is a civil proceeding (*Rivenburgh* v. *Henness*, 4 Lans., 208); and, therefore, we may well adopt the provisions of this section.

The plaintiff objects that defendant taxed his costs and entered judgment; and, therefore, cannot now have relief. The so-called costs were only disbursements, and it does not appear that the defendant entered the judgment. If the clerk entered it without defendant's direction, the defendant should not be prejudiced. The plaintiff also objects that the bill of costs first presented to the clerk did not contain items according to section 3073; but the clerk did not take the ground that other items should be allowed, but rejected costs, other than disbursements, altogether.

We think, therefore, that the order of the Court of Sessions appealed from should be reversed; with ten dollars costs and printing disbursements; and that the motion for retaxation by the clerk, in accordance with the views above expressed, should be granted, with ten dollars costs.

LANDON and INGALLS, JJ., concurred.

Order appealed from reversed, with ten dollars costs and printing disbursements; and motion for retaxation granted in accordance with the views expressed in opinion, with ten dollars costs.