WILLIAM FRIED, Respondent, v. ABRAHAM M. RABINER, ELLA RABINER, Also Known as ELLA F. RABINER, His Wife, and ROSE WEISS, Appellants.— Order confirming report of official referee and directing entry of deficiency judgment in an action for the foreclosure of a mortgage modified by striking from the last ordering paragraph the sum $1,025.21 each time it appears and substituting therefor

the sum $725.21. As thus modified, the order is unanimously affirmed, with ten dollars costs and disbursements to the appellants. (a) The failure of the referee to allow defendants to adduce proof of an alleged admission of the plaintiff respecting value of the property involved was error, but, in view of the slight probative effect of such an admission under the proof in this case, that error may not be deemed prejudicial. (b) The fixation of value as $13,000 may not be said to be against the weight of evidence. (c) The formula prescribed in section 1083-a, Civil Practice Act, for the computation of a deficiency judgment is reasonably plain. It requires that there be added the amount owing as determined by the judgment ($785.63); the amount of all prior liens, which, of course, includes taxes ($14,488.26); the amount of costs and disbursements and referee's fees, etc. ($239.58), all of which total $15,513.47. The statute then directs that there be deducted the market value or the sale price, whichever shall be higher. Here the market value was fixed at $13,000. The sale was subject to taxes, etc., hence the sale price was the $300 bid plus the amount of the tax liens of $14,488.26, or a total of $14,788.26. As the sale price, therefore, was the higher, deducting that figure from $15,513.47, as computed above, leaves a deficiency of $725.21, for which the plaintiff should have judgment. The interest in the property foreclosed was merely a one-fourth undivided interest. Computing on the corresponding basis with this one-fourth element in mind, evolves the same amount of a deficiency judgment. The amount of the judgment ($785.63), plus the costs, disbursements and referee's fees ($239.58), plus a one-fourth equitable obligation on the tax liens ($3,622.06), makes a total of $4,647.27. One fourth of $13,000, the market value fixed by the court, is $3,250. Adding to sale price of $300 a one-fourth equitable obligation in the tax liens of $3,622.06, a total results of $3,922.06. Since the latter or sale price is the higher, that figure must be used under the statute, and, deducting it from the above figure of $4,647.27, leaves a balance or deficiency of $725.21, the same as evolves when computation is made without especial concern as to the element present herein of a one-fourth undivided interest in the property. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.