WILHELMINA ARNOLD, Appellant, v. ANNETTA CORRENTI, ALBERT CORRENTI, Respondents, and JAMES KANE, Defendant.— Order of official referee determining the amount of deficiency in an action for the foreclosure of a mortgage modified by striking from the ordering paragraph the sum of $422.50 and substituting therefor the sum of $922.50. As thus modified the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to the appellant. (Civ. Prac. Act, § 1083-a; *Fried* v. *Rabiner*, 258 App. Div. 921.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on the Complaint of EDRA GORDON, Respondent, v. CHARLES FAGAN, Appellant.—Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], modified by reducing the amount directed to be paid to six dollars weekly, and as thus modified unanimously affirmed. (a) The record indicates that the amount fixed by the court was based in part on the fact that the defendant's wife had earnings. It should have been based wholly on the earnings of the defendant. (b) No constitutional right of the defendant was invaded by receiving in evidence the testimony of the complainant and her husband. Both were competent to testify to non-access. (Dom. Rel. Law, § 126.) The latter enactment, though subsequent to the institution of this proceeding, was applicable to this trial. That enactment did not precipitate any constitutional question because this proceeding is not a criminal action; it is a civil action and rules of evidence in such civil actions may be changed by the Legislature and made applicable to existing causes of action. (*Commissioner of Public Welfare, City of New York* [*Complaint of Middlekamp*] v. *Nelson*, 232 App. Div. 763; *People* v. *Daley*, 124 id. 562, 564; *People ex rel. Smith* v. *McFarline*, 50 id. 95; *Mayham* v. *Allen*, 50 Hun, 343; 2 Cooley's Constitutional Limitations [8th ed.], 766.) Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

ANN FRANZELLA, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries sustained when plaintiff slipped on step of defendant's trolley car and fell to the pavement. Judgment in favor of plaintiff, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

BENJAMIN GETZEL, Appellant, v. SARAH PUNCH, Respondent.— In an action to recover damages for breach of contract, plaintiff appeals from a judgment in favor of the defendant. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

G & S TRUCKING CORPORATION, SAMUEL SAPAN and JOSEPH SAPAN, Appellants, v. MAX GELLER and SIDNEY M. PEDDY, Respondents.— On argument, order granting defendants' motion to compel plaintiffs to state and number separately the causes of action set forth in the complaint herein and to strike therefrom certain paragraphs affirmed, with ten dollars costs. Plaintiffs' time to serve an amended complaint in compliance with the foregoing decision is extended until twenty days after the entry of the order hereon. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.