WILLIAM HODSON, as Commissioner of Welfare of the City of New York, Respondent, v. WILLIAM HOFF, Appellant.
(3 Proceedings.)

Second Department, June 1, 1943.

*Noah Seedman* for appellant.

*Thomas D. Thacher, Corporation Counsel (Paxton Blair* of counsel), for respondent.

HAGARTY, J. The primary question presented on this appeal is whether the trial of a defendant in a paternity proceeding, pursuant to article V of the New York City Criminal Courts Act, constitutes jeopardy within the purview of the State Constitution (art. I, § 6), thus barring his prosecution in a subsequent proceeding with respect to the same child.

The status of the parties, complainant and defendant, has been the subject of numerous proceedings in the Domestic Relations Court and in the Court of Special Sessions of the City of New York, including two former appeals. (*Matter of Hoff* v. *Hoff*, 251 App. Div. 862, affd. 276 N. Y. 569; *Hodson* [*Hoff*] v. *Hoff*, 262 App. Div. 752.)

Despite an existent marriage between defendant and another woman, the parties participated in a marriage ceremony in 1923. In October of 1934, they entered into a written agreement in the Domestic Relations Court whereby defendant acknowledged his liability for the support of the three children born of his union with complainant and agreed to pay the sum of fifteen dollars a week for their support. By order of that court, made in February of 1935, this amount was increased to nineteen dollars a week, so as to include support for the complainant. In 1936, the defendant sought to test the jurisdiction of the Domestic Relations Court on the ground that the marriage of the parties was invalid. The court then made a series of orders relinquishing and reassuming jurisdiction. The orders purporting to reinstate the proceedings were reversed. (*Matter of Hoff* v. *Hoff, supra.*)

Thereupon a paternity proceeding was instituted in the Court of Special Sessions and a trial took place on August 15, 1939. On the testimony of the complainant that she was married to the defendant, the proceeding was dismissed " without prejudice."

Another proceeding followed in the Domestic Relations Court on March 25, 1940, with no result, insofar as the present record discloses. In the meantime, however, a new paternity

proceeding was instituted in the Court of Special Sessions in October of 1939, and another trial was had on June 25, 1940. Again the complainant testified that she was married to the defendant, and again the proceeding was dismissed for the reason stated that " She admits she is married." On appeal, we reversed on the law and ordered a new trial on the ground that such testimony was a mere conclusion of law. (*Hodson [Hoff]* v. *Hoff, supra.*)

The orders of filiation presently under review were made at the retrial. The defendant's sole contention below was, and his major contention here is, that by reason of the previous paternity proceeding, tried on August 15, 1939, he was subjected to double jeopardy if it was a criminal prosecution, or that the matter was *res judicata* if it was a civil proceeding.

If the trial of the paternity proceeding was a criminal prosecution, the defense of former jeopardy was sufficient, for the proof on behalf of the complainant had been adduced. (*People ex rel. Meyer* v. *Warden,* 269 N. Y. 426, 429; *People* v. *Goldfarb,* 152 App. Div. 870, affd. 213 N. Y. 664; *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467.)

Although the procedure for the trial of a criminal prosecution and for appeals from judgments of conviction has been generally adopted to govern paternity proceedings (N. Y. City Crim. Cts. Act, art. V; *Commissioner of Public Welfare* v. *Simon,* 270 N. Y. 188), the right to appeal from an original determination is not limited, as in criminal cases, to the defendant. (N. Y. City Crim. Cts. Act, § 76; e. g., *Commissioner of Public Welfare [Pesonen]* v. *Merkle,* 253 App. Div. 749; *Hodson [Hoff]* v. *Hoff, supra.*) The standard of proof required for conviction in a criminal case is not necessary for a finding of paternity, which may be predicated upon " entirely satisfactory " proof. (*Commissioner of Public Welfare [McNamee]* v. *Ryan,* 238 App. Div. 607.) There is no provision for penal sentence upon a finding of paternity. A direction of the court as to payment for support may be made a judgment. (N. Y. City Crim. Cts. Act, § 71, subd. 5.) True, a defendant may be arrested and arraigned (§ 65), but an order of arrest in a civil action does not constitute jeopardy. (*Shaul* v. *Fidelity & Deposit Co. of Maryland,* 131 Misc. 401, affd. 224 App. Div. 773.) Further, a binding agreement or compromise may be made by the parties, subject to the approval of the court (§ 63). Hence, the proceeding is essentially civil in nature, although partly criminal in form. (*Commissioner of*

*Public Welfare [Gordon]* v. *Fagan,* 259 App. Div. 727; *People* v. *Phalen,* 49 Mich. 492; *State ex rel. Mahnke* v. *Kablitz,* 217 Wis. 231.) The plea of former jeopardy is unavailable.

The dismissal of the earlier paternity proceeding " without prejudice " was in the nature of a nonsuit and therefore does not constitute *res judicata.*

In each of the three proceedings instituted by the Commissioner of Welfare of the City of New York the order of filiation should be affirmed, without costs.

CLOSE, P. J., CARSWELL, JOHNSTON and ADEL, JJ., concur.

In each of three proceedings instituted by the Commissioner of Welfare of the City of New York on the complaint of Bertha Hoff, in the Court of Special Sessions of the City of New York, Borough of Brooklyn, order of filiation unanimously affirmed, without costs.