William E. Ringel, J.
This is a motion, made by the defendant in a disputed paternity proceeding, to examine the complainant before trial, with respect to certain items set forth in his notice of motion.
Applications for examinations before trial should be viewed with liberality to prevent surprise at a trial and to make the trial more efficient. (42 West 15th St. Corp. v. Friedman, 208 Misc. 123.)
Examination before trial in litigation today is accepted almost as a matter of course (Marie Dorros, Inc. v. Dorros Bros., 274: App. Div. 11).
Accordingly, the basic issue to be determined here, is whether the Civil Practice Act or the Code of Criminal Procedure should govern such an examination before trial, sought in a disputed paternity proceeding, which proceeding has been instituted in the Court of Special Sessions of the City of New York.
In the city of New York, this court has sole jurisdiction of disputed paternity proceedings (N. Y. City Grim. Cts. Act, § 60). This court is a “ criminal ” court, as distinguished from a “ civil ” court. Nevertheless paternity proceedings have been held to be civil in nature though criminal in form. (Hodson v. Hoff, 266 App. Div. 228, 230, affd. 291 N. Y. 518.)
In the Hoff case (supra, pp. 230-231) Hagarty, J., stated: “Although the procedure for the trial of a criminal prosecution *450 and for appeals from judgments of conviction has been generally-adopted to govern paternity proceedings (N. Y. City Crim. Cts. Act, art. V; Commissioner of Public Welfare v. Simon, 270 N. Y. 188) * * * the proceeding is essentially civil in nature, although partly criminal in form. (Commissioner of Public Welfare [Gordon] v. Fagan, 259 App. Div. 727; People v. Phalen, 49 Mich. 492; State ex rel. Mahnke v. Kablitz, 217 Wis. 231.) ”
This determination, that the procedure for the trial of a criminal prosecution is followed in paternity cases, has been followed by the Court of Appeals not only in its affirmance of the Hoff case (supra), but also in a later case (Matter of Clausi, 296 N. Y. 354). In that case Judge Ftjld said (pp. 355-356): “A filiation proceeding initiated — as the present was — in a children’s court, pursuant to the Domestic Relations Law, is civil, and noncriminal in nature. Confirmation is furnished by the definition of a ‘ crime ’ as well as by the inherent character of a criminal prosecution (Penal Law, § 2; see, also, Hodson v. Hoff, 291 N. Y. 518). Although we have held that a paternity suit is criminal in form (Commissioner of Public Welfare v. Simon, 270 N. Y. 188, 191; Hodson v. Hoff, supra), it must be observed that such statements were made, such rulings announced, in cases brought in the Court of Special Sessions of the City of New York under the Inferior Criminal Courts Act — now known as the New York City Criminal Courts Act (L. 1910, eh. 659, as amd.) — and were regulated by the Code of Criminal Procedure. Civil in essence, the proceeding assumes a 6 criminal ’ form from its surroundings — from the fact that it is tried in a court of criminal jurisdiction. (Cf. People v. Lewis, 260 N. Y. 171.) ”
It must therefore be concluded that an examination before trial in a paternity proceeding instituted in the Court of Special Sessions of the City of New York, must be governed by the provisions of the Code of Criminal Procedure.
The Code of Criminal Procedure however limits such examinations to the examination of a material witness only where he is about to leave the State or is so sick or infirm as to be unable to attend the trial. (Code Grim. Pro., § 621.) Since none of these conditions exist in the matter before me, the motion must be denied. Enter order.