Lawrence H. Cooke, J.
Respondent moves for an order ‘ ‘ striking out the affidavit and petition of Mollie Wilinsky herein by reason of her failure to attend in response to the notice for her examination or in the alternative for an order directing her to attend for an examination before trial in accordance with such notice.” The notice for the examination served on behalf of defendant is stated to be ‘£ pursuant to Article 29 of the Civil Practice Act and Title 15 of the Rules of Civil Practice.”
A filiation proceeding initiated in a Children’s Court, pursuant to the Domestic Relations Law, is civil and noncriminal in nature (Matter of Clausi, 296 N. Y. 354, 355). Section 288 of the Civil Practice Act, a part of article 29 thereof, provides for depositions before trial by a party to an action “ in a court of record ”. A Children’s Court is not a court of record (Judiciary Law, § 2). The right to examine a party being purely statutory (Billie Barnes, Inc., v. Toubro Fabrics Corp., 83 N. Y. S. 2d 751), and the provisions of said article 29 of the Civil Practice Act being inapplicable to Children’s Court (“Denton” v. “Denton ”, 179 Misc. 681, 685; Civ. Prac. Act, § 288; Judiciary Law, § 2), the within application must be denied.
It should be noted that a motion for such an examination before trial was denied in Commissioner of Welfare v. Soto (5 Misc 2d 449), a paternity proceeding pending in the Court of Special Sessions of the City of New York.
Submit order.