■ In the Matter of WILLIAM MORRIS, as Commissioner of Public Welfare, Respondent, v. JAMES CANFIELD, Appellant.— Applying to this filiation proceeding the requirement that the evidence of paternity must be more than preponderant and must, indeed, convince "to the point of entire satisfaction" (*Commissioner of Welfare* v. *Rose*, 283 App. Div. 781; *Erie County Bd. of Social Welfare* v. *Holiday*, 14 A D 2d 832), we find the evidence less than satisfactory, both upon consideration of the entire record, which consists almost entirely of complainant's uncorroborated and occasionally suspicious testimony, and upon separate evaluation of the medical evidence, from which it appears improbable that the full-term baby was conceived on or after the date of complainant's first intercourse with appellant, as fixed by complainant's testimony. Order reversed, on the law and the facts, and petition dismissed, with costs to appellant. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.