Lawrence H. Cooke, J.
This is an article 78 CPLR proceeding instituted to annul respondent’s six months’ suspension of petitioner’s license to practice pharmacy. Petitioner contends: that *434 the proceedings which were taken have deprived him of his property, his right to earn a living, without due process of law; that he was twice put in jeopardy for the .same offense; and that he has been subjected to excessive punishment.
The essential facts are not in dispute. The Secretary of the State Board of Pharmacy sent a letter outlining various charges or violations (selling tincture of iodine which was misbranded and which on analysis was found not to meet the standard, filling a prescription for Nembutal which on analysis was found to be spurious, on different occasions refilling the prescription for Nembutal without authorization of the prescribing physician and which on analysis was found to be spurious, selling D. B. I. tablets without a required physician’s prescription, and in maintaining his prescription department in an unsanitary condition with outdated drugs in stock and without proper prescription records) which took place at petitioner’s pharmacy on four specified dates and directing him to appear at a hearing before the Violations Committee on June 29, 1965. It was set forth in said letter:
‘ ‘ In accordance with the provisions of section 6823, subdivision 2 of the New York State Education Law, notice is hereby given to you to appear before a committee of the New York State Board of Pharmacy, appointed by the president thereof, for the purpose of determining whether a violation of the pharmacy law has been committed by you, and, if so, for the further purpose of fixing a penalty.
* * «=
‘‘ Any penalty which results from the hearing before the Violations Committee must be paid within fifteen days after you are notified of such penalty. Should you elect, for any reason, not to pay the penalty, and formal proceedings result in accordance with the statute hereinbelow set forth, then the New York State Board of Pharmacy, acting through its duly constituted committee may, after a formal hearing, assess a full penalty of $500 against you for each violation found to exist.
* * *
££ Section 6823, subd. 2. 1 In the event that the accused shall deny such violation or shall fail to pay such penalty to the department within fifteen days after the date when notice of the amount thereof is given to the accused by certified mail, a proceeding shall be instituted before a committee of three or more members of the State Board of Pharmacy appointed by the president thereof, by the service of a copy of the specifications of the violation or violations complained of together with notice of a formal hearing thereon. ’ ”
*435 At the hearing of June 29,1965 the Violations Committee took no action against petitioner pursuant to subdivision 2 of section 6823 of the Education Law but referred the matter to the Attorney-General for further consideration.
Thereafter a notice was served on petitioner notifying him that charges had been preferred against him under section 6804 of the Education Law, that a petition had been made to revoke his license to practice pharmacy and that a meeting would be held on September 13, 1965 to set a date for a hearing. Said notice stated:
‘‘ SINCE THESE PROCEEDINGS MAT RESULT IN A DETERMINATION WHICH MAT EFFECT A SUSPENSION OF TOUR LICENSE TO PRACTICE TOUR PROFESSION IN THIS STATE, TOU ARE URGED TO SERIOUSLT CONSIDER THE ADVISABILITT OF OBTAINING A LAWTER TO REPRESENT TOU IN THIS MATTER.”
Also served was a copy of the petition containing five specifications setting forth in some detail the dates and acts allegedly constituting the violations charged and the sections violated, which specifications encompassed the acts outlined in the said letter from the Secretary of the State Board of Pharmacy. A hearing was held and, by oral answer, petitioner admitted refilling the prescription for Nembutal on three dates without authorization and that the capsules were spurious. There was sufficient legal evidence submitted to sustain the charges and the determination made.
The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal and technical legal rules of evidence and procedure may be disregarded; but no essential element of a fair trial can be dispensed with unless waived and this means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered and must be given the opportunity to cross-examine the witnesses, to inspect documents and to offer evidence in explanation or rebuttal (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470). The record shows these safeguards were complied with in this case in regard to the hearing which has resulted in the suspension determination. The notice preceding the hearing resulting in the suspension determination adequately apprised petitioner of the charges made against him and of the possible consequences. It is significant that no admission or statement made by petitioner at the first hearing (under § 6823) was introduced or employed at the second hearing (under § 6804). Furthermore, nothing appears to indicate that pro *436 ceedings under subdivision 2 of section 6804 and subdivision 2 of section 6823 of the Education Law are mutually exclusive.
The doctrine of former jeopardy is not applicable to a civil proceeding (Matter of Second Grand Jury v. Cirillo, 16 A D 2d 605, 607, affd. 12 N Y 2d 206; Hodson v. Hoff, 266 App. Div. 228, 230-231, affd. 291 N. Y. 518).
In disciplinary proceedings involving holders of professional licenses under the Education Law, the question of punishment and its mitigation is primarily one for the Board of Regents (Matter of Smigel v. Board of Regents, 23 A D 2d 943; Matter of Smigel v. Board of Regents, 15 A D 2d 623; Matter of Ray v. Board of Regents, 9 A D 2d 560). Although CPLR 7803 (subd. 3) empowers the court to review an “ abuse of discretion as to the measure or mode of penalty or discipline imposed ”, it has been held that a determination on that subject by the administrative agency may be set aside “ only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness ” (Matter of Stolz v. Board of Regents, 4 A D 2d 361, 364) and that ‘ ‘ the power should be exercised sparingly, and we may not substitute our judgment for that of the administrative agency” (Matter of Leavitt v. Board of Regents, 9 A D 2d 987).
Petition dismissed.