■ In the Matter of KATHERINE D. G. (ANONYMOUS), Respondent, v. HAROLD S. (ANONYMOUS), Appellant.— In a paternity proceeding, the appeal, by permission of this court, is from an order of the Family Court, Dutchess County, dated December 15, 1970, which denied his motion to examine petitioner before trial. Order reversed, without costs, and motion granted. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellant to petitioner, or at such time and place as the parties may agree. This proceeding was commenced on or about March 3, 1970, upon a petition alleging that appellant is the father of a child born to petitioner on March 22, 1965 and that appellant had acknowledged paternity by furnishing support. Petitioner refused to appear for a pretrial examination pursuant to appellant's notice; and the motion under review followed. In our opinion, the special circumstances of this case require that appellant be permitted to examine petitioner so that he can adequately prepare and defend this proceeding. Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ In the Matter of FRANCIS X. GILLIGAN, Petitioner, v. MICHAEL P. SENIUK, as Sheriff of Nassau County, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated October 8, 1971 and made after a hearing, which dismissed petitioner from the employ of the Nassau County Sheriff's Department. Proceeding dismissed on the merits and determination confirmed, without costs. In our opinion there was substantial evidence presented at petitioner's hearing to support the charges of misconduct against him. Respondent's determination of dismissal had a reasonable and rational basis. Petitioner's punishment was not excessive pursuant to section 75 of the Civil Service Law; nor does it shock the conscience of the court. Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.