■ CONNIE M. COOK, as Administratrix of the Estate of WILLIAM P. COOK, Deceased, Respondent, v. TOWN OF NASSAU, Appellant. (And One Other Action.) — Appeals (1) from judgments of the Supreme Court in favor of plaintiff, entered April 24, 1972 and April 27, 1972 in Rensselaer County, upon verdicts rendered at a Trial Term, and (2) from orders of said court, entered May 12, 1972, which denied defendant's motions to set aside the verdicts. On June 1, 1969, at about 8:00 P.M., William P. Cook, 21, sustained fatal injuries when the motorcycle he was operating hit a series of potholes and plunged off a culvert on Old Route 20, a public highway under the maintenance and control of the Town of Nassau, in Rensselaer County. John H. Lynch, then 18, was a passenger on this vehicle and sustained personal injuries. The primary question to be determined on this appeal is whether it was erroneous for the trial court to refuse to receive evidence of the alcoholic content of William Cook's blood and urine, such evidence having been obtained during an autopsy conducted shortly after Cook's death. Section 674 (subd. 3, par. [b]) of the County Law, as added by chapter 740 of the Laws of 1971 and which took effect on January 1, 1972, states, in pertinent part: "The coroner or coroner and coroner's physician, or the medical examiner, also shall make or cause to be made, quantitative tests for alcohol on the body of every operator of a motor vehicle or a pedestrian eighteen years of age or older who was involved in and died as a result of a motor vehicle accident * * * . Such results shall be used only for the purpose of compiling statistical data and shall not be admitted into evidence or otherwise disclosed in any legal action or other proceeding." The mandate of this section clearly supports the trial court's refusal to admit into evidence the autopsy results. Although at the time the tests were made the results would have been admissible, at the time of the trial in April of 1972 such was not the case. Appellant had no vested right in the former rule of evidence (*People* v. *Turner*, 117 N. Y. 227; *Commissioner of Public Welfare of City of N. Y.* v. *Fagan*, 259 App. Div. 727; *Commissioner of Public Welfare, City of New York* v. *Nelson*, 232 App. Div. 763), and the refusal to admit was therefore correct. Appellant's other arguments ask this court to draw different inferences from the evidence than did the jury. The factual determinations were clearly within the province of the jury and should not be disturbed. Judgments and orders affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.