Raymond J. Barth, J.
A petition, verified the 10th day of July, 1974, was filed in this court alleging that Alfred Hyatt, the respondent herein, is the father of a then unborn child of Bertha Fowler. The petitioner, John L. Lascaris, Commissioner of Social Services of the County of Onondaga, stated that his source of information and belief is one Bertha Fowler, the mother of the child in question.
*69 On September 10, 1974, a notice of motion was filed by the above-named respondent, seeking an order directing the petitioner to furnish respondent’s attorney with medical authorization forms signed by Bertha Fowler, authorizing the respondent’s attorney to obtain medical reports from the doctors and hospitals treating Bertha Fowler and permitting said attorney to interview said physicians, which motion was in all respects denied by this court.
Subsequently, a notice to take a deposition upon oral examination, dated November 6, 1974, was served upon the above-named petitioner by the above-named respondent’s attorney. A notice of motion dated November 8, 1974, was made by the above-named petitioner, asking this court for an order vacating the said notice to take the deposition before trial of Bertha Fowler.
The court heard arguments presented by Anthony P. Adorante, attorney for respondent and Clifford W. La Barge of the legal staff of the Department of Social Services, attorney for petitioner.
A review of recent precedent established by the courts reveals that the trend of authority favors granting pretrial disclosure in paternity proceedings.
In a recent case (Green v Brown, 65 Misc 2d 226), the court, stating that it had the authority and power to order a perpetual examination, granted the respondent’s motion seeking same. It further said (p 227) "if the respondent is to adequately prepare and defend this action, he must know something more than the fact that the petitioner has asked that he be declared the father of her child”. (See, also, Matter of Linnie D. B. v Lonnie J. H., 65 Misc 2d 754.)
Reviewing authority for and against granting an examination before trial, the Honorable Richard M. Palmer, Jr., in agreeing with and citing authority in support of his position, granted such a motion. "The Court believed that * * * an examination before trial of the Petitioner may aid the Court substantially in arriving at a just determination of the issue of paternity.”
This court is aware of the fact that the cited cases agree that there must be "special circumstances” to warrant a granting of a motion for examination before trial. A bill of particulars was served upon the respondent, but was claimed to be inadequate and insufficient to prepare a defense. We *70 hold this to be sufficient "special circumstances” in support of granting respondent’s request.
As to the contention that the said Bertha Fowler is not the petitioner in this action, but merely a witness, this court takes the position that the said Bertha Fowler is the real party in interest. CPLR 3101 (subd [a], pars [1], [2]), states that a person who previously possessed a cause of action as a hostile witness, is a proper subject to be examined. The mother of the child in question, Bertha Fowler, can be classified in either category.
In addition, the interests of justice dictate that this motion not be denied because of the technicality of who is listed as the named petitioner. Bertha Fowler is the person who stands to gain or lose the most by the outcome of this proceeding.