In the Matter of JOSEPH A. D'ELIA, as Commissioner of Nassau County Department of Social Services, Respondent, v PHILIP C., Appellant.— In a paternity proceeding, the appeal (by permission) is from so much of an order of the Family Court, Nassau County, dated December 28, 1976, as denied the branches of appellant's motion which sought to examine the mother of the child before trial and to inspect the records of the Nassau County Department of Social Services prior to trial. Order modified, by deleting so much thereof as denied the branch of appellant's motion which sought to examine the records of the Nassau County Department of Social Services, and by substituting therefor a provision that the said branch of the motion is granted to the extent that the records in question shall be produced for an *in camera* examination by the Family Court. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The record does not reveal any special circumstances which would justify an examination before trial of the mother (cf. *Matter of Katherine D. G. v Harold S.,* 39 AD2d 746). Disclosure of the records of the Department of Social Services should be allowed under circumstances such as these, where the proceeding is quasi-criminal in nature, the birth of the child occurred nine years ago, and the information accessible to appellant is scarce. However, since those records are confidential in nature, any access allowed to appellant has to be "well-guarded". Accordingly, the Family Court should examine those records *in camera* and allow appellant to use, at the trial, any relevant information contained therein (see *Addie W. v Charles U.,* 44 AD2d 727). Cohalan, Acting P. J., Hawkins and Mollen, JJ., concur; Suozzi, J., concurs insofar as the majority has directed that the records of the Nassau County Department of Social Services be produced for an *in camera* examination by the court, but otherwise dissents and votes to grant the branch of appellant's motion which sought leave to conduct an examination before trial of the mother, with the following memorandum: The instant paternity proceeding was commenced by the Commissioner of Social Services, on behalf of the mother, in November, 1976. It was alleged in the petition that appellant was the father of a child, who was born on September 11, 1967. Appellant thereafter moved for permission to examine the mother before trial and for several other remedies of discovery and disclosure. The Family Court granted the branch of the motion which sought a bill of particulars and directed that certain blood tests be made. However, it denied those portions of the motion which sought to inspect certain records of the Nassau County Department of Social Services and to examine the mother before trial. In affirming the Family Court's determination denying the branch of appellant's motion which sought permission to conduct an examination before trial of the mother, the majority bases its conclusion upon the ground that no special circumstances are present in the case at bar which would justify such an examination before trial. In my view, the majority's conclusion that no special circumstances are present in the case at bar which would justify an examination before trial of the

mother is not supported by the facts in this record. The instant paternity proceeding was commenced more than nine years after the child's birth. In his moving affidavit, appellant alleged that he had not been living in New York State at the time of conception of the child, but in Massachusetts, and that relevant documentary evidence to support his contention was presently unavailable. Under these circumstances, it is my view that appellant has sufficiently shown that special circumstances are present here which would justify conducting an examination before trial of the mother. Indeed, the courts have shown an inclination to order examinations before trial of mothers in filiation proceedings where the period of time between the birth of the child and the commencement of the proceeding was significantly less than that present in the case at bar (see *Matter of Katherine D. G. v Harold S.,* 39 AD2d 746; *Matter of Commissioner of Social Servs. of City of N. Y. v Otilio O.,* 70 Misc 2d 581), and have done so where a bill of particulars has been furnished to the purported father (see *Green v Brown,* 65 Misc 2d 226). Moreover, there is grave doubt in my mind as to the continuing vitality of the rule which requires a showing of special circumstances before an examination before trial will be ordered in a filiation proceeding. This rule developed solely in response to the practice followed in matrimonial cases where, for many years, examinations before trial were denied or closely restricted (see *Matter of Arlene W. v Robert D.,* 36 AD2d 455). However, there has been a liberalizing trend in the allowance of disclosure in matrimonial actions. This trend is manifest in a 1975 amendment to the Domestic Relations Law adding section 250 (L 1975, ch 690, § 1). That section, which is applicable to all actions commenced after September 1, 1975, provides for "compulsory disclosure by both parties of their respective financial states", without the need to demonstrate any special circumstances as a precondition. Under these circumstances, it would now seem appropriate to discard this rule in filiation proceedings.