In the Matter of Maureen E. O'H. (Anonymous), Appellant, v
Nicholas C. (Anonymous), Respondent.

Second Department, December 29, 1978

## APPEARANCES OF COUNSEL

*Edward G. McCabe, County Attorney (Matthew A. Tedone*
of counsel), for appellant.

*Crowe, Deegan & Coco (Francis W. Deegan* of counsel), for
respondent.

## OPINION OF THE COURT

Latham, J.

In this paternity proceeding, petitioner appeals, by permission, from an order of the Family Court which denied her motion for a protective order and granted respondent's cross motion to compel her attendance at an examination before trial on the ground that special circumstances exist.

Although we disagree with the Family Court's finding of special circumstances, the order should nevertheless be affirmed for, in our view, the time has come to discard the rule which requires a showing of special circumstances before a pretrial examination of the petitioner will be ordered in a paternity proceeding.

Prior to the establishment of the Family Court in 1962, jurisdiction over paternity proceedings was lodged in the Children's Court outside New York City, and in the Court of Special Sessions within the city. Pretrial examinations were typically unavailable in both courts. Denial in the Children's Court was premised on the fact that the Civil Practice Act provided for pretrial depositions only in a court of record, which the Children's Court was not (see *Matter of Wurtzel,* 18 Misc 2d 994). Denial in the Court of Special Sessions was based upon the ground that said court was a court of criminal jurisdiction, governed by the Code of Criminal Procedure which severely limited the taking of pretrial depositions (see *Commissioner of Welfare of City of N. Y. v Soto,* 5 Misc 2d 449).

Although the Family Court is a court of record whose procedure, where not otherwise prescribed in the Family Court Act, is governed by the provisions of the CPLR "to the extent that they are appropriate to the proceedings involved" (Family Ct Act, § 165, subd [a]), the general rule which has evolved is that a showing of special circumstances is required before pretrial disclosure will be allowed in paternity proceedings. In *Matter of "Doe" v "Roe"* (40 Misc 2d 148), the first reported case under the Family Court Act dealing with disclosure in paternity proceedings, the court held that the same restrictions and limitations applicable to pretrial disclosure in divorce actions should be applied to paternity proceedings, since privacy has always been the hallmark of Family Courts everywhere and adultery is implicit in every paternity proceeding where either party is married. Thus, unless justified by special circumstances arising in a particular proceeding, pretrial examinations of the petitioner were to be denied. Subsequent cases generally adhered to this view (see, e.g., *Green v Brown,* 65 Misc 2d 226, where the passage of several years since the birth of the child was found to constitute special circumstances justifying a pretrial examination of the petitioner), even though some courts questioned its underlying rationale at the same time (see *Matter of Tilson v Bark,* 52

Misc 2d 338, where it was held that no special circumstances existed because a generally adequate and responsive bill of particulars had been served).

However, it appears that the Family Court has recently taken a more liberal view as to the propriety of pretrial examinations in paternity proceedings. With the special circumstances rule either being ignored or accorded mere lip service, the pretrial examination is now simply viewed as enabling the parties to better prepare for trial and thereby expediting the proceeding and advancing the search for truth (see, e.g., *Matter of Lascaris v Hyatt,* 84 Misc 2d 68; *Matter of Linnie B. v Lonnie H.,* 65 Misc 2d 754). Appellate determinations in other departments have also evinced a more favorable attitude toward liberalization of disclosure in paternity proceedings (see *Matter of Margaret B. v Gilbert W.,* 51 AD2d 456 [1st Dept]; *Matter of Arlene W. v Robert D.,* 36 AD2d 455 [4th Dept]). Although this court recently affirmed the denial of a pretrial examination for want of special circumstances in *Matter of D'Elia v Philip C.* (57 AD2d 836), it should be noted that the special circumstances rule was not there challenged by the respondent, as it is at bar.

If, as appears, the granting of pretrial examinations of the petitioners in paternity proceedings has expedited these suits and aided the court in arriving at a just determination, without deleterious effects, this alone would justify their appropriateness.

It is also our view that exemption of paternity proceedings from the general class of civil actions in which discovery is freely granted has always been questionable. The analogy to matrimonial actions is very attenuated since the protection of confidential relationships and the reconciliation of families have never been important considerations in paternity proceedings and the parties have always been competent to testify to adultery in the Family Court. The recent liberalization of disclosure in matrimonial actions has been limited to the area of finances (Domestic Relations Law, § 250) and, thus, does not properly constitute a precedent for liberalization of disclosure on the merits in paternity proceedings. By the same token, however, it may be assumed that a matrimonial respondent is almost always able to prepare an adequate defense without such discovery, while a respondent in a paternity proceeding, who may, for example, have spent only one night

with the petitioner, as is here alleged, is at a definite disadvantage in preparing for trial without discovery on the merits.

The fact that the petitioner in a paternity proceeding carries a heavier burden of proof than the typical civil plaintiff, it being required that the evidence of paternity be more than preponderant, and be convincing " 'to the point of entire satisfaction' " *(Matter of Morris v Canfield,* 19 AD2d 942), is of little comfort to the respondent if the ultimate determination is still dependent upon an assessment of the parties' relative credibility and a skimpy trial transcript. Pretrial examination of the petitioner will hopefully result in a better record being made and a more confident determination of the merits. We trust, of course, that any attempted misuse of such examination for purposes of harassment or coercion will be obviated by the vigilance of counsel and the exercise of the court's supervisory powers.

Finally, we do not believe that the lack of reciprocity in discovery rights, arising out of the respondent's statutory privilege against being compelled to testify (Family Ct Act, § 531), renders pretrial examination of the petitioner inappropriate.

Accordingly, the order appealed from should be affirmed.

MOLLEN, P. J., DAMIANI and TITONE, JJ., concur.

Order of the Family Court, Nassau County, dated December 22, 1977 (upon an appeal by permission), affirmed, without costs or disbursements.

The examination shall proceed at a mutually convenient time within 20 days after entry of the order to be made hereon.