█ ADDIE W. (ANONYMOUS), Respondent, v. CHARLES U. (ANONYMOUS), Appellant.— In three paternity proceedings (each as to a separate child), the alleged father appeals (by permission) from an order of the Family

Court, Nassau County, entered October 10, 1973, which denied his motion for the issuance of a subpoena duces tecum directed to the Nassau County Department of Social Services for the production of certain welfare case records of petitioner Addie W. at the trial of the proceedings. Order reversed, without costs, motion granted and the requested subpoena duces tecum is directed to be issued. The records covered by the subpoena shall be viewed by the trial court and, to the extent that they shed any light on the paternity of the children involved, they or their relevant parts shall be made available to appellant for use at the trial. Appellant, who denies paternity, is the respondent in these three proceedings (two brought by the mother and one by the Nassau County Department of Social Services [Department]) to establish that he is the father of three of the mother's children. The mother is a recipient of assistance from the Department in the category of Aid to Families with Dependent Children. A blood grouping test did not exclude appellant as the father of any of the children. Appellant in his motion sought the production of all records of the Department pertaining to the parentage of the mother's children, including, but not limited to, applications for assistance, recertification forms and memoranda of any conversations between the mother and employees of the Department. He claimed that only with this information can he show that the mother had made inconsistent statements concerning the parentage of the children. The basis for the denial of the motion was the confidentiality of the records. Disclosure of welfare records is restricted, but not prohibited, under both the Federal and State statutes in this area (U. S. Code, tit. 42, § 602, subd. [a], par. [9]; Social Services Law, § 136, subd. 2; 18 NYCRR 357.3 [a]). It is our opinion that, where paternity is at issue and the putative father asserts that the records sought may contain information essential to his defense, it would be improper to shield those records in a shroud of confidentiality. The Family Court may view the records, *in camera*, and allow appellant the use of any relevant information contained therein. Here, where the nature of the action itself requires secrecy and involves an inherent difficulty of disproof (Schatkin, Disputed Paternity Proceedings [4th ed., 1967], p. 534), the court must allow to the alleged father a certain measure of well-guarded access to such information (cf. *Matter of Russo* v. *Hardy*, 68 Misc 2d 1057; see, also, *Matter of Commissioner of Social Serv. of City of N. Y.* v. *Otilio O.*, 70 Misc 2d 581). Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.