■ RUSSELL C. PAINE et al., Plaintiffs, v WENDELL CHICK, Respondent, and CARROLL A. SMYTHE, as Commissioner of the Broome County Department of Social Services, Appellant.—Appeal from an order of the Supreme Court, Broome County, entered December 16, 1974, which denied appellant's motion to quash a subpoena and modified it. In this action brought by Russell C. Paine and Linda Paine against defendant Wendell Chick to recover damages for personal injury and lost wages alleged to have been caused by defendant's negligence, the defendant served a subpoena duces tecum upon appellant, the Commissioner of Social Services for Broome County, directing him to produce all social services records covering the plaintiff Russell Paine. The appellant moved to quash the subpoena on the grounds that it was not specific and that the records subpoenaed are confidential under the Social Services Law, the regulations of the Department of Social Services and the United States Social Security Act. The trial court denied the motion to quash the subpoena, but modified it to require the production only of material relevant to the claimed wage loss by plaintiff, Russell C. Paine. The appellant, the Commissioner of Social Services of Broome County, appealed from the order insofar as it denied his motion to quash the subpoena. The regulations of the New York State Department of Social Services (18 NYCRR 357.3[f][3]) provides: "In the event that the subpoena is for a purpose not directly related to the administration of public assistance or the protection of a child, the agency shall plead, in support of its request to withhold information, that the Social Security Act, the Social Welfare Law and the regulations of the State Department of Social Welfare prohibit disclosure of confidential information contained in records and files, including names of clients. The agency will be governed by the final order of the court after this plea is made." Appellant followed the mandate of the cited regulation when he moved to quash the subpoena. On appeal the appellant contends the social services records are completely

confidential and disclosure is entirely prohibited. Disclosure of welfare records is restricted, but not completely prohibited under pertinent Federal and State statutes (Addie W. v Charles U., 44 AD2d 727). These statutory restrictions are necessary to preserve the dignity and self-respect of a recipient of welfare and to assure the integrity and efficiency of the administration of the program. Suppression, however, should not exceed the purpose of the statute. In the trial court, the plaintiff, Russell C. Paine, made no objection to the production of the subpoenaed material for examination by the respondent. The record demonstrates that there are no income tax returns or employment records extant to furnish information on the important element of wages involved in this litigation. It is our opinion that the real purpose and function of the statute is not jeopardized by allowing, under the circumstances, the limited disclosure authorized by the order appealed from. The respondent did not cross-appeal and the appellant appealed from the order only insofar as it denies his motion to quash the subpoena. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.