■ In the Matter of the STATE OF NEW YORK DIVISION FOR YOUTH, Appellant, v WILLIAM HORAN, Respondent.—Appeal by the State of New York Division for Youth, from an order of the Supreme Court, Orange County, dated October 19, 1976, which directed it to produce certain records at an arbitration hearing. Order affirmed, with $50 costs and disbursements. Respondent, an employee of the New York State Division for Youth, was charged with serious misconduct. A closed arbitration proceeding was commenced to determine whether he should be discharged. Respondent sought disclosure of various reports and records kept by appellant; this was resisted upon the ground that section 372 of the Social Services Law prohibits such disclosure. Special Term, without rendering an opinion, ordered production of most of the material sought and this appeal followed. While the records of children kept pursuant to section 372 of the Social Services Law should be guarded from unauthorized disclosure, this court is not convinced by appellant's argument that section 372 applies to this case, wherein an employee of an institution, charged with serious offenses, seeks discovery of material for use at a private hearing, and the material sought may be vital to his defense. Fishing expeditions into confidential records are not to be allowed, but fundamental fairness requires that one accused of misconduct

be allowed at least some access to records and materials which may prove him to be innocent (cf. *Addie W. v Charles U.,* 44 AD2d 727). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.