■ In the Matter of JAMES R. VAN ALSTYNE, as Commissioner of the Columbia County Department of Social Services, Respondent, v MICHAEL EE, Appellant.—Appeal from an order of the Family Court, Columbia County, entered September 30, 1977, which adjudged appellant to be the father of a child. The record contains clear and convincing evidence that the appellant is the father of the infant as alleged by the petitioner. The petitioner rested following the testimony of the mother of the infant, and the appellant after completing the examination of his first witness moved "to see the Social Services file in this matter". Following the refusal of the petitioner's counsel to exhibit the file upon the grounds it was confidential, the appellant's counsel made a formal motion to the court "to direct that the file be exhibited to me". In the following colloquy, it became apparent that even the attorney for the petitioner had not seen the contents of the file and the appellant's counsel specified that he was seeking information "as to what was said by Social Services or a Social Services representative to [the mother of the infant]". The appellant's counsel further specified that he was seeking information as to the mother's response to the request of petitioner's representatives that she identify the father of the infant. The court denied the motion. There would be no basis upon the present record for concluding that the file contained any exculpatory evidence. It has been determined that the information in such files while restricted as to general disclosure is not prohibited from disclosure in pertinent part to the parties to a paternity proceeding *(Matter of D'Elia v Philip C.,* 57 AD2d 836; *Addie W. v Charles U.,* 44 AD2d 727; cf. *Paine v Chick,* 50 AD2d 686). However, the record discloses that the appellant was not seeking disclosure for the purpose of preparing his case or for the purpose of establishing a critical element in the case, but simply for the purpose of attacking the credibility of the mother of the infant. Under such circumstances, the mother being already excused as a witness and the record disclosing a full cross-examination, the appellant has not established that if the ruling of the Family Court was error, such error was prejudicial. The Family Court pointed out to the appellant that he could call as witnesses employees of the petitioner, however, the appellant chose not to do so and it is apparent that there was no prejudice in this particular case. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.