JOHN DOE et al., on Behalf of Themselves and All Other Persons Similarly Situated, Respondents, v FRANK GRECO, as Supervisor and Social Services Officer of the Town of Saugerties, et al., Appellants.

Third Department, June 8, 1978

## APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Michael E. Catalinotto* of counsel), for appellants.

*Bryan D. Hetherington* and *Peter Bell* for respondents.

### OPINION OF THE COURT

GREENBLOTT, J. P.

On or about November 10, 1976, defendant Greco, Town Supervisor and chief social services officer of the Town of Saugerties, announced his intention to read the names and addresses of and amounts received by recipients of public assistance in the Town of Saugerties at a public hearing of the defendant town board. He affirmed that this information was relevant to consideration of the proposed budget and the necessary welfare appropriations, and that it might lead to additional information, presumably from private citizens, about welfare abuse. Plaintiffs, two unnamed welfare recipients, commenced this class action on behalf of themselves and all past, present and future recipients of public assistance for a permanent injunction enjoining public disclosure of this information. A temporary restraining order was issued on November 11, 1976 and a preliminary injunction on December 29, 1976. The action was certified as a class action on February 25, 1977. Defendants appeal the latter two orders.

Defendants argue that plaintiffs have failed to establish

their entitlement to a preliminary injunction. On a motion for a preliminary injunction the movant must demonstrate a likelihood of success on the merits and irreparable injury if the opposing party is allowed to act unrestrained *(People v Woman's Christian Assn. of Jamestown,* 56 AD2d 101; *Brand v Bartlett,* 52 AD2d 272). Defendants raise no other equitable considerations which might bar the relief sought.

Subdivision 1 of section 136 of the Social Services Law provides in part: "1. The names or addresses of persons applying for or receiving public assistance and care shall not be included in any published report or printed in any newspaper or reported at any public meeting except meetings of the county board of supervisors, city council, town board or other board or body authorized and required to appropriate funds for public assistance and care in and for such county, city or town; nor. shall such names and addresses and the amount received by or expended for such persons be disclosed except to the commissioner of social services or his authorized representative, such county, city or town board or body or its authorized representative, any other body or official required to have such information properly to discharge its or his duties, or, by authority of such county, city or town appropriating board or body or of the social services official of the county, city or town, to a person or agency considered entitled to such information."

Subdivision 2 of the same section provides: "2. All communications and information relating to a person receiving public assistance or care obtained by any social services official, service officer, or employee in the course of his work shall be considered confidential and, except as otherwise provided in this section, shall be disclosed only to the commissioner of social services, or his authorized representative, the county board of supervisors, city council, town board or other board or body authorized and required to appropriate funds for public assistance and care in and for such county, city or town or its authorized representative or, by authority of the county, city or town social services official, to a person or agency considered entitled to such information."

Defendants contend that the statute clearly authorizes the public reading of names and addresses and amounts received by persons receiving public assistance. They are misguided. Although the statute allows for disclosure to town boards, the information may only be used to allow the board

to determine its budgetary needs. The town board is clearly entitled to the names, addresses and amounts received by public assistance recipients, but such information may not be disclosed either to the members of the press or the public in general. The plain intent of the statute, read in its entirety, is to protect the confidentiality of social services records. Confidentiality is required "to preserve the dignity and self-respect of a recipient of welfare and to assure the integrity and efficiency of the administration of the program" *(Paine v Chick,* 50 AD2d 686, 687), or, stated differently, to prevent a recipient's exposure to "exploitation or embarrassment" *(People v Prim,* 47 AD2d 409, 416, mod 40 NY2d 946). Special Term correctly noted that the laws provide other devices for ferreting out welfare abusers.

In implementing the statute, the Commissioner of Social Services has adopted the following regulation: *"Safeguards in disclosing information. Information shall be released to another agency or person only when the public welfare official providing such data is assured that:* (1) the confidential character of the information will be maintained; (2) the information will be used for the purposes for which it is made available, such purposes to be reasonably related to the purposes of the public welfare program and the functioning of the inquiring agency; (3) the information will not be used for commercial or political purposes." (18 NYCRR 357.3 [a].)

The commissioner's restrictions are fully consonant with our interpretation and substantiate what appears on the face of section 136 of the Social Services Law to be its clear intendment. We can only conclude that plaintiffs have demonstrated a likelihood that they will succeed in the prosecution of their action for a permanent injunction.

From the foregoing discussion, it readily can be seen that failure to grant the preliminary injunction will result in irreparable injury. Public disclosure of what is now confidential and should remain confidential would lead to an irreversible breach of that confidentiality. The harms which would naturally flow from disclosure could not be redressed nor could the parties ever be returned to the *status quo ante.* Plaintiffs, having established the requisites for preliminary injunctive relief, are entitled to the injunction they seek.

■ Defendants further contend that Special Term improperly permitted the action to proceed as a class action. We disagree. In our view, the standards set out in CPLR 901 have

been met. Joinder of all potential plaintiffs would be impractical. The only important question, construction of section 136 of the Social Services Law, is one common to all members of the class. The claims of the named parties are typical of those of the class. The attorneys for the plaintiffs are experienced in litigation under the social services statutes and their clients' interests coincide with those of the remainder of the class, so, presumably, they will fairly and adequately protect the interests of the class. Finally, a class action is superior to other available methods of litigation. It is apparent that affording plaintiffs relief while allowing defendants to carry out their threat with respect to all other members of the class would leave those class members with little recourse. The doctrine of *stare decisis* would be of little use at that point (cf. *Matter of Jones v Berman,* 37 NY2d 42, 57).

The orders should be affirmed, without costs.

SWEENEY, LARKIN, MIKOLL and HERLIHY, JJ., concur.

Orders affirmed, without costs.