## Spangler v. Spangler

*James D. Wolman*, for petitioner.
*Richard A. Umbenhauer*, for respondent.

MUELLER, *J.*, November 22, 1978—Petitioner, Beverly M. Spangler, filed a petition for support under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. §2043.31 [see now 42 Pa.C.S.A. §6701], on February 10, 1978, alleging that respondent, Ronald Lee Spangler, her ex-husband, is the father of her child, Richard Lee Spangler. Respondent denied paternity, and a hearing was set for September 7, 1978.

Prior to the hearing a supoena duces tecum was served on Mary Lou Myers, an employe of the Lancaster County Board of Assistance. She was ordered to bring the complete files and records concerning petitioner to the hearing and to testify on behalf of respondent. At the hearing petitioner objected to the admission of the subpoenaed records and testimony from Mary Lou Myers. The court then ordered the parties to submit briefs as to whether the records can be subpoenaed in this action.[1]

The Commonwealth is required by Federal statute and regulations to provide safeguards restricting the disclosure of information it maintains on applicants or recipients in its Aid to Families with Dependent Children program.[2] The Commonwealth has complied by enacting section 404 of the

---

1. The court also ordered the parties to submit briefs as to whether petitioner's prior action in divorce on grounds of desertion collaterally estopped her from bringing this action for support.

2. Social Security Act of August 14, 1935, 49 Stat. 627, as amended, 42 U.S.C.A. §602(a)(9) (1978); 45 C.F.R. §205.50.

Public Welfare Code of July 31, 1968, P.L. 904, sec. 1, 62 P.S. §404.

Section 404 states: "(a) The department shall have the power to make and enforce regulations: . . . (2) To protect the rights and interests of persons about whom personal or confidential information is in its possession. . ."

The Department of Public Welfare (DPW) in turn has promulgated regulations for safeguarding information: 55 Pa. Code §105.1. The objective of the regulations is to "preserve . . . that relationship of confidence between the Department and its clients, and the Department and the public at large, which is vital to efficient administration. . . ." 55 Pa. Code §105.1(b)(1). The records sought by respondent in this case fall within the definition of information to be safeguarded: 55 Pa. Code §105.1(d).

The court notes that DPW failed to follow its own procedure for pleading that the disclosure of the subpoenaed records is restricted and for obtaining a final court order[3]: 55 Pa. Code §105.4(b)(3). However, petitioner is not precluded from asserting the statutorily created privilege that the subpoenaed records may not be disclosed. To hold otherwise would undermine the objective of the Public Welfare Code and the regulations that the privacy of the recipient is to be protected.[4]

---

3. DPW applied to the court for leave to file an amicus curiae memorandum of law in this matter. Leave was granted by order of the court dated November 16, 1978, and an amicus curiae brief was filed. It asserts that the subpoenaed records may not be utilized in this proceeding.

4. Act of June 13, 1967, P.L. 31, art. 4, sec. 401, 62 P.S. §401. See McMullan v. Wohlgemuth, 453 Pa. 147, 308 A. 2d 888 (1973).

Although the records are confidential under DPW's regulations, their disclosure is not absolutely restricted. The precise issue here is whether DPW must produce petitioner's records in a proceeding to determine paternity. The court concludes that DPW must comply with the subpoena and produce the records.

In the recent case of Burston v. Dodson, 257 Pa. Superior Ct. 1, 390 A. 2d 216 (1978), the court stated in footnote 9 that the nonaccess rule no longer prohibits the admission of a husband's statement to DPW regarding paternity in a proceeding to determine paternity and custody. The court did not discuss the issue of confidentiality of the records.

In D'Elia v. Philip C., 394 N.Y.S. 2d 50 (1977), the Appellate Division of the Supreme Court of New York held that relevant information in records of the Department of Social Services, although confidential in nature, was admissible in a paternity suit. The statute restricting the disclosure of social service records in D'Elia is almost identical to the Pennsylvania regulations.

In an earlier New York case, W. v. U., 354 N.Y.S. 2d 721 (1974), the court reasoned that social service records may contain information essential to the defendant's defense in a paternity suit and should be submitted to the court for an in camera inspection. See also, Paine v. Chick, 375 N.Y.S. 2d 198 (1975).

In a Pennsylvania case, Argo v. Goodstein, 438 Pa. 468, 265 A. 2d 783 (1970), the Supreme Court concluded without discussion that certain records of the State Department of Health were properly excluded in a negligence action. The court then went on to say that even if the ruling were incorrect, no prejudice was shown. Unlike Argo, in this case

there are several factors compelling disclosure of the records. First, the records are allegedly relevant to the central issue in this case—the paternity of respondent. Second, there is an inherent difficulty in proving and rebutting allegations of paternity because conception usually takes place in private. Third, DPW, under the Federal Child Support Law, requires all recipients of public assistance to cooperate with DPW in obtaining support from legally responsible relations. The admission of DPW's records bearing on paternity is consistent with this policy of cooperation.

Petitioner, in her brief, relies on several Pennsylvania cases in support of her position of nondisclosure: McMullan v. Wohlgemuth, supra; Sprankle v. DPW, 44 D. & C. 2d 431, 88 Dauph. 372 (1967); In the Interest of Wanda Faye Cline, No. 311 of 1975 (Lancaster County, filed April 14, 1975); Kepp v. Deininger, No. 1992 of 1978 (Luzerne County, filed June 5, 1978). Neither McMullan nor Sprankle involved the disclosure of records for use in a judicial proceeding. Cline and Kepp are also distinguishable on their facts; in both cases counsel sought the discovery of records of the Bureau of Children's Services for use in custody disputes. Factors compelling disclosure were not present in those cases as they are in this case.

For these reasons the court concludes that the subpoenaed records must be submitted to the court for an in camera inspection. Only information deemed to be relevant to this proceeding is to be presented at the continued hearing in this matter.

Also before the court is respondent's contention that petitioner's prior action in divorce on grounds of desertion collaterally estops her from bringing

this action for support in which the issue of paternity is being litigated. The Supreme Court stated:

". . . [A] plea of collateral estoppel is valid if 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. In Re Estate of Ellis, 460 Pa. 281, 333 A. 2d 728, 731 (1975)." Safeguard Mutual Ins. Co. v. Williams, 463 Pa. 567, 574, 345 A. 2d 664 (1975).

The court finds that petitioner is not collaterally estopped from litigating respondent's paternity because two of the elements described above (numbers (3) and (4)) are lacking.

Although Beverly Spangler is the petitioner in this action, the petition for support clearly states that she is seeking support *only* for her son, Richard Lee Spangler. This is the appropriate procedure as set forth in the Civil Procedural Support Law, 62 P.S. §2043-15 [see now 42 Pa.C.S.A. §6753]: "A petition on behalf of a minor obligee may be executed and filed by a person having legal custody of the minor without appointment as guardian ad litem."

Since Beverly Spangler is bringing this action in her capacity as her son's parent and natural guardian, and not in her own right, the real party in interest is the child, Richard Lee Spangler. The child did not have a full and fair opportunity to

litigate the issue in question in the prior action. Therefore, respondent's plea of collateral estoppel is rejected.

## ORDER

And now, November 22, 1978, a hearing is scheduled for Wednesday, December 6, 1978 at 11:00 a.m. in Courtroom No. 5 of the Lancaster County Courthouse. At that time Mary Lou Myers, an employe of the Lancaster County Board of Assistance, is ordered to submit to the court for in camera inspection the records described in the subpoena dated August 31, 1978.

Petitioner is not collaterally estopped from litigating the issue of paternity.