OPINION OF THE COURT
Edward H. Lehner, J.
This is a special proceeding brought pursuant to CPLR 7502 (subd [a]) for a judgment pursuant to CPLR 411 and 2308 (subd [b]) directing respondents, New York City Human Resources Administration, New York City Department of Social Services and others, to comply with subpoenas duces tecum, issued pursuant to CPLR 7505 on behalf of petitioner, a civil servant who was terminated by respondents. The subpoenas were issued in the context of a disciplinary arbitration in which petitioner, Frank Howell, seeks reinstatement and vindication.
Allegedly, the subpoenas seek evidence and reports in the possession of respondents without which petitioner claims he cannot prepare an adequate case or confront and cross-examine witnesses against him.
The petitioner contends that the evidence sought includes exculpatory information which has been withheld from him in violation of his constitutional right to due process.
It is the respondents’ position that the subject records are confidential and should not be disclosed and they are required, under Federal and State law, to oppose subpoenas for these types of records.
*352 In support of his petition, Howell alleges that he was employed by the Human Resources Administration and Department of Social Services (HRA/DDS) on September 19,1977 and assigned to the Arverne Diagnostic Reception Center (ADRC) as a houseparent. He was promoted to the provisional title of senior houseparent on July 3, 1978. On October 31, 1979 he was suspended after several young females who resided at ADRC alleged, inter alia, that petitioner had engaged in sexual relations with them. He contends no consideration was given to his excellent work record which merited promotion, nor to the fact that his accusers were known to be uncontrollable and wayward girls, who presented serious disciplinary problems to the ADRC staff. He submits that some of them had repeatedly been caught attempting to smuggle drugs into the premises, engaging in acts of prostitution, assaulting fellow residents and stealing property from their peers.
Preliminary disciplinary hearings were held between March of 1980 and May of 1981, during which time petitioner avers that he was afforded no opportunity to confront and cross-examine his accusers and was merely allowed to respond to the charges and was then terminated. Finally, a disciplinary arbitration was scheduled at which proceeding claimant believed he would have an opportunity to confront his accusers. His attorneys allegedly sought access to the investigatory reports and records generated by the respondents and to files maintained by them of his accusers, which assertedly contained evidence of misconduct and immoral and criminal acts by them. It is submitted that although initially promised access to these materials, petitioner’s attorneys were advised on the eve of his arbitration that respondents refused to release the materials on the ground that they were rendered confidential by subdivision 4 of section 372 of the Social Services Law. The arbitration was postponed since the arbitrator felt constrained to leave the question of the propriety of that refusal to judicial resolution.
Immediately thereafter, respondents released to petitioner a redacted version of an investigatory report generated by the HRA inspector general, which petitioner claims showed the ADRC residents had provided exculpa *353 tory testimony never before made available to him and useless since respondents refused to disclose the names of the residents who had alleged, inter alia, that he had been framed.
The petitioner argues that the Legislature and courts have expressly approved the issuance of subpoenas in arbitration proceedings, and that the reports and records which petitioner seeks are not protected by said section, but if protected due process requires that they be disclosed.
The respondents, in opposition to this application, contend that the redaction in the investigation report of the names of persons who co-operated in the investigation was authorized by law and proper under the circumstances and that the case records sought by petitioner are confidential under section 372 of the Social Services Law and as such, disclosure is strictly limited.
In general, disclosure in aid of arbitration is rarely granted for policy reasons unless it can be shown that extraordinary or special circumstances exist. (De Sapio v Kohlmeyer, 35 NY2d 402; Matter of Katz [Burkin], 3 AD2d 238.) Subpoenas are not disclosure devices and the principles applicable to disclosure in aid of arbitration have no bearing on a motion to compel under CPLR 2308 (subd [b]). In Matter of State of New York Div. for Youth v Horan (56 AD2d 632) the court granted a motion to compel compliance with subpoenas issued in an arbitration proceeding similar to the instant case.
Without some means by which to obtain essential evidence possessed only by the other side, there would obviously be great reluctance to choose arbitration to resolve issues.
None of the documents or information sought constitute records kept pursuant to the provisions of subdivision 1 of section 372 of the Social Services Law which render confidential and protected information biographical in nature, such as a child’s true home, place and date of birth, natural parents, etc. The intent of such section is to protect a child and the natural parents (Matter of Louis F., 42 NY2d 260).
Due process and the interests of justice mandate that the records and reports generated by respondents in this mat *354 ter be made available to petitioner to protect him in his application to remove the blemish from his name created herein and to reinstate him in the position he held before charges were made against him. (Matter of State of New York Div. for Youth v Horan, supra.)
Even if material subpoenaed by petitioner had been statutorily rendered confidential, due process requires that such records and information sought should be disclosed to petitioner. (Davis v Alaska, 415 US 308; People v Gissendanner, 48 NY2d 543.) Our courts have held that the confidentiality engendered by subdivision 4 of section 372 of the Social Services Law must give way upon a showing of necessity. (Matter of Roman, 97 Misc 2d 782.) The petitioner has shown the necessity of the examination sought. (Addie W. v Charles U., 44 AD2d 727.) Accordingly, petitioner’s application is granted.