OPINION OF THE COURT
Sheldon S. Levy, J.
Can the address of a welfare recipient, who is a material witness in a Grand Jury investigation, be secured from the confidential records of the Department of Social Services of the City of New York?
The question, which is one of first impression in this State, pinpoints a portion of section 136 of the Social Services Law and its implementing regulations, which have never previously been judicially interpreted.
By this application, the Commissioner of the Department of Social Services of the City of New York seeks to quash a Grand Jury subpoena duces tecum, issued in a homicide investigation concerning one Anthony Giannelli and requesting the addresses at which the public assistance checks of two other named individuals are received. The claim of official warrant is that one of these individu *187 ais is a material witness in the Grand Jury inquiry; that he receives welfare benefits under both his name and the name of the second individual; that the two addresses are necessary to ascertain his whereabouts; and that conventional means for securing such information have proven unavailing.
The programs administered by the Commissioner of the Department of Social Services include Home Relief (hereinafter HR), a public assistance program wholly funded by the State and its localities, and Aid to Families with Dependent Children (hereinafter AFDC), a joint Federal, State and local program. AFDC is subject to Federal, as well as State, confidentiality requirements, while HR is governed only by State law.
Movant commissioner argues, and the People implicitly concede, that Federal law clearly prohibits divulging the addresses of AFDC recipients unless disclosure is for a reason “directly connected” with the administration of that program (US Code, tit 42, § 602, subd [a], par [9]).
The commissioner also contends, with respect to HR records, that, under controlling State law and supplementary departmental regulations, all communications and information relating to persons receiving public assistance and held by the Department of Social Services are confidential (Social Services Law, § 136, subd 2). As such, he asserts that the addresses of the welfare recipients here sought cannot be disclosed, even to a Grand Jury, unless it clearly appears that the basis for the request by the inquiring group is “reasonably related to the purposes of the public welfare program” involved (18 NYCRR 357.3 [a] [2]). Indeed, the commissioner is mandated by the department’s regulations automatically to oppose any subpoena that seeks information for a reason “not directly related to the administration of public assistance”. (18 NYCRR 357.3 [f] [3].)
On the other hand, in opposition to the motion to quash, the District Attorney, as legal advisor to and representative of the Grand Jury, points to another subdivision of section 136 of the Social Services Law, whereby certain information in the department’s possession — specifically, the “names and addresses and the amount received by or *188 expended for [public welfare recipients]” — may be disclosed to “any other body or official required to have such information properly to discharge its or his duties” (Social Services Law, § 136, subd 1).
Initially, it is noted that Grand Juries are specifically included in the New York State regulations promulgated for the Social Services Department as a properly constituted authority to whom even confidential information may be disclosed under particularized criteria (18 NYCRR 357.3 [e]). There is also no question that information revealed to a Grand Jury will maintain its confidential character, as mandated (18 NYCRR 357.3 [a] [1]), and will not be used for commercial or political purposes (18 NYCRR 357.3 [a] [3]).
However, the third regulatory requirement for information release cannot here be assured, namely, that the purpose of the request for disclosure “be reasonably related to the purposes of the public welfare program” (18 NYCRR 357.3 [a] [2]). In fact, it plainly appears that providing the desired addresses will have no connection at all with any public welfare program, but will only assist in finding a material witness for the Grand Jury investigation.
Nevertheless, the clear wording of subdivision 1 of section 136 of the Social Services Law does not necessitate a welfare-connected purpose for the securement, by a suitable body or official, of the minimal, specified information. If the Legislature had intended to limit disclosure to agency-related matters only, it could readily have done so in simple statutory form, as it has done in analogous situations (see Tax Law, § 697, subd [e]; Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, 44 NY2d 575; see, also, Tax Law, § 1146; People v Wedelstaedt, 77 Misc 2d 918).
Instead, it has provided that so long as a lawfully constituted authority, such as a Grand Jury, can demonstrate that the name and address of and/or amount received by or expended for a public assistance recipient is “required” for the inquiring body “properly to discharge” its duties (Social Services Law, § 136, subd 1), then the regulatory condition of a program-related purpose must yield to a plainly stated, more permissive disclosure policy.
*189 Although the subject regulation would seem to have some pertinence and proper applicability to other portions of subdivision 1 of section 136 of the Social Services Law (e.g., Doe v Greco, 62 AD2d 498; 1962 Atty Gen [Inf Opns] 295), it cannot be engrafted onto a succinctly expressed legislative statement in order to frustrate, restrict or confine the clear purpose of the statute (Matter of Harbolic v Berger, 43 NY2d 102, 109; Matter of Jones v Berman, 37 NY2d 42, 52-53). The regulatory limitation relied upon by the commissioner adds a requirement that does not exist under State law, and a regulation which is contradictory to the plain terminology of a State statutory enactment may not be effectuated with respect to conflicting matter. Simply put, a State department is not a State Legislature; and a State statute must take precedence over a departmental regulation.
Nor does any reason appear to deny the address information on constitutional grounds, and, in fact, none has been advanced by the commissioner. Although the State is bound by Federal disclosure requirements with respect to programs that are Federally supported, it can readily permit more liberal divulgence as to welfare programs funded entirely on its own or jointly with its localities. The desire for symmetry between Federal and State disclosure practices may appeal to some aesthetic yearning on the part of social service officials, but cannot prevail in the face of the clearly worded charge of the State statute.
This is not to say, however, that under State law the contents of welfare records may be cavalierly, methodically or automatically invaded or breached. Indeed, the public policy considerations for the protection of social service records are well known. Confidentiality is both desired and required “to preserve the dignity and self-respect of a recipient of welfare * * * to assure the integrity and efficiency of the administration of the program” (Paine v Chick, 50 AD2d 686, 687); and to prevent a recipient’s exposure to “exploitation or embarrassment” (People v Prim, 47 AD2d 409, 416, mod 40 NY2d 946).
Nevertheless, although the disclosure of social service information may be limited, State legislation imposes no absolute bar, and suppression should not exceed the basic *190 purposes of the statute (Paine v Chick, 50 AD2d 686, supra; Addie W. v Charles U., 44 AD2d 727; see, also, Matter of State of New York Div. for Youth v Horan, 56 AD2d 632), or its plain command. And this is especially so when a body such as a Grand Jury is requesting the information; the data desired is plainly required for the performance by the inquiring organization of its mandated duties of investigating criminal activity and of hearing witnesses who can testify with respect thereto; and disclosure is not being made to the general public, but only to a small and select group, all of whose members are obligated by law to keep secret the information they receive (CPL 190.25, subd 4). Moreover, the demand for addresses requires minimal intrusion into the confidentiality of records and cannot serve, as such, to embarrass, demean or exploit either the assistance recipient or the program administration.
Where the moving party, however, demonstrates initially that the subpoenaed information is cloaked with statutorily imposed confidentiality, it is incumbent upon the People, if they desire, as here, to plead a specific legislative exception, to reveal, in opposition to the motion to quash, the basis of the claimed entitlement. In this case, that would be a showing that even the limited access to the records of the Department of Social Services is “required” by the Grand Jury “properly to discharge” its duties (Social Services Law, § 136, subd 1).
Therefore, the prosecutor must demonstrate that the confidential information sought is the minimum necessary to be disclosed for the Grand Jury to fulfill its functions; that such data cannot readily be secured from other sources; and that the purpose of the subpoena cannot be accomplished by standard investigatory procedures.
The required showing by the People, however, does not necessitate an exhaustion of all possible avenues of investigation and the expenditure of vast manpower resources or monetary sums. Instead, a prima facie, good-faith demonstration will suffice.
Accordingly, it is noted that, in response to the instant application, the District Attorney contends that all attempts on the part of various law enforcement officials to locate this material witness have been unsuccessful. Such *191 efforts have included inquiries to the telephone company, to the United States Post Office and to the subject individual’s known associates, as well as “stake-outs” at locations that the material witness is known to have frequented.
In the present matter then, it is apparent that the information sought by the subject subpoena cannot readily be obtained by other means and that the limited access to the department’s records is obviously needed by the Grand Jury to perform adequately its mandated functions.
For the reasons stated, the application is denied, and the commissioner is directed to comply with the terms of the subpoena to the extent of disclosing to the Grand Jury the addresses to which Home Relief benefits of the individuals named are sent.