OPINION OF THE COURT
Ernest L. Signorelli, S.
In this proceeding to compromise and settle a cause of action for the wrongful death of the decedent, the Suffolk County Department of Social Services has moved the court for an order quashing a subpoena duces tecum served by the guardian ad litem, on behalf of his ward, the unknown putative father of the decedent.
The decedent died, intestate, on February 14, 1987 at the age of 16, as a consequence of personal injuries sustained in an automobile accident. On April 1, 1987, the decedent’s *600 mother filed a petition with the court requesting the issuance to her of limited letters of administration with respect to her late daughter’s estate, and an order dispensing with service of process on the child’s father.
In support of the latter request, the decedent’s mother submitted affidavits alleging that she was never married to the decedent’s father at the time of decedent’s conception, nor did she know his name or his whereabouts.
On April 3, 1987, the relief requested by the petitioner was granted, and limited letters of administration were issued to petitioner provided that in the proceeding for the judicial settlement of accounting, that process issue to the decedent’s father.
By petition filed with the court on September 21, 1987, the instant proceeding was commenced by the administratrix requesting, inter alia, leave to compromise and settle the claim and cause of action arising out of the wrongful death of the decedent for the sum of $50,000 and disqualification of the decedent’s father from receiving his distributive share of the settlement proceeds pursuant to the provisions of EPTL 4-1.4 (a).
By order of the court, dated November 12, 1987, a guardian ad litem was appointed to represent the interests of the decedent’s putative father, whose name and whereabouts continued to remain unknown. Subsequent thereto, the guardian filed an interim report recommending that an additional avenue of investigation be pursued in order to determine the identity of his ward, to wit, the Child Support Enforcement Bureau of the Suffolk County Department of Social Services. Accordingly, a judicial subpoena duces tecum issued to the Suffolk County Department of Social Services to produce records of child support for the decedent including, but not limited to, records reflecting the name or identifying data of the decedent’s putative father.
Thereafter, the instant application was filed with the court. In support of the relief requested, counsel for the Department of Social Services maintains that section 136 of the Social Services Law and regulations of the State Department of Social Services, specifically 18 NYCRR 357.2 and 357.3, prohibit disclosure of the records in issue due to their confidentiality.
In opposition to the motion, the guardian maintains that the information requested is necessary to complete his respon *601 sibilities to his ward. In addition, he contends that since the sole request is for the identity of his ward, disclosure of such information should not be deemed violative of the confidentiality requirements of the Social Services Law.
While social services records are generally considered to be confidential in nature, disclosure of their contents is not completely barred. (Social Services Law § 136 [2]; Early v County of Nassau, 98 AD2d 789 [1983].) The purpose of the confidentiality requirement is to safeguard the dignity of the welfare recipient and the efficiency of the program’s administration. (Doe v Greco, 62 AD2d 498 [1978].) Yet, the suppression of information cannot exceed the intent of the statute. (Paine v Chick, 50 AD2d 686 [1975].)
Upon due consideration of the papers submitted, the court finds the limited disclosure of the requested records is appropriate. The guardian is not requesting information concerning income or benefits of the recipient, only that information which is relevant to the identity of his ward. There is a dearth of information available concerning the identity or whereabouts of the alleged putative father, and the records may contain information germane to the relief requested by the petitioner, regarding his ward. Moreover, this demand for the identity of the unknown father necessitates a minimal intrusion into the confidentiality of the records so that the guardian may perform his function. (See, Addie W. v Charles U., 44 AD2d 727 [1974].) Clearly the request does not demean or embarrass the recipient nor compromise the program’s administration.
Accordingly, the relief requested by the movant is denied. The records covered by the subpoena duces tecum will be viewed by the court and, to the extent they are pertinent to the identity of the decedent’s father, they or any relevant part will be made available to the guardian ad litem for inspection.