(January 27, 1992)

■ D & Z HOLDING CORP., Respondent-Appellant, v CITY OF NEW YORK DEPARTMENT OF FINANCE, Appellant-Respondent.—

The plaintiff operates a hotel in Brooklyn which houses homeless families. According to the plaintiff, during the relevant period, its hotel was 100% occupied and most of its occupants qualified as "permanent residents", which, pursuant to Administrative Code of the City of New York § 11-2501 (8) and § 11-2502 (a) (4) (b), would exempt them from the New York City Hotel Room Occupancy Tax *(see,* Administrative Code ch 25). Nevertheless, the plaintiff allegedly collected from those occupants rent at the rate that the parties had previously agreed would be inclusive of "all taxes". Consequently, in February 1989 the defendant City of New York Department of Finance (hereinafter the City) issued a Notice

of Tax Due, indicating that the plaintiff owed additional hotel room occupancy taxes in the amount of $153,686.94. In response, the plaintiff sent a letter claiming that it was exempt from those taxes. Finding this response unsatisfactory, on March 31, 1989, the City issued a Notice of Determination. This notice advised the plaintiff that if it disagreed with the determination, it had to petition for a hearing within 30 days of the date of the notice. The plaintiff did not respond to the Notice of Determination. Instead, the plaintiff commenced the instant action in or about August 1989. Thereafter, the plaintiff moved to enjoin the City pendente lite from enforcing the determination that taxes were due, which had been made final by the plaintiff's failure to petition for a hearing. The City cross-moved to dismiss the complaint because the plaintiff had failed to petition for a hearing.

The statutory requirement that a petition for an administrative hearing of the petitioner's liability be filed within 30 days after the date of mailing of the Notice of Determination is absolute. In the absence of such a timely application, the original determination "shall finally and irrevocably fix the tax" (Administrative Code §§ 11-2506, 11-2509, 11-2517; *see, e.g., Matter of Halperin v Chu,* 138 AD2d 915, 917). The remedy provided by section 11-2506 is the exclusive remedy available to any person for the review of tax liability imposed by that chapter (Administrative Code § 11-2509). We find that the Notice of Determination received by the plaintiff clearly and unmistakably informed the plaintiff of the 30-day period within which to seek a hearing to contest the determination that taxes were due. Furthermore, it is well settled that an owner of property is charged with knowledge of statutory provisions affecting the control or disposition of his or her property *(see, Sheehan v County of Suffolk,* 67 NY2d 52, 58; *Lily Pond Enters. v City of New York,* 149 AD2d 412, 414). Moreover, that the plaintiff was familiar with the procedures was evident from a similar situation which occurred in 1986. At that time, the plaintiff followed the proper procedure and petitioned for a hearing. The plaintiff cannot now complain that it was denied due process. Thus, in light of the plaintiff's failure to comply with the clear statutory mandate to petition for a hearing within 30 days, the determination that taxes were due became final and binding, and the complaint is dismissed.

In addition, although the dismissal of the complaint renders academic the plaintiff's cross appeal concerning the quashing of its subpoena, we address this issue since it is likely to

reoccur between the parties *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *East Meadow Community Concerts Assn. v Board of Educ.,* 18 NY2d 129, 135). The plaintiff sought the production of certain records indicating which of the hotel's occupants received public assistance. However, State law and regulations provide that all communications and information relating to persons receiving public assistance and held by a Department of Social Services are confidential (Social Services Law § 136; 18 NYCRR 357.3; *Paine v Chick,* 50 AD2d 686, 687). While the disclosure of such information is not absolutely prohibited, the plaintiff failed to demonstrate that it was entitled to the information under any specific regulatory exception *(see, Matter of Krauskopf v Giannelli,* 121 Misc 2d 186, 190; *Matter of Turner v Barbaro,* 56 Misc 2d 53, *affd* 31 AD2d 786). Therefore, the court properly quashed the subpoena. Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.