OPINION OF THE COURT
John M. Leventhal, J.
Defendant is charged in an eight-count indictment of various crimes against his wife including aggravated criminal contempt and criminal contempt in the first degree.[1]
The defendant by way of judicial subpoena duces tecum sought to obtain documents from the New York City Department of Social Services (DSS) case file of defendant’s wife “including but not limited to any documents reflecting allegations by defendant’s wife that the whereabouts of defendant are unknown and/or that defendant was not providing child support for the couple’s children.” The City moved to quash the subpoena upon the grounds that “federal and state law render the information or documents requested in the subpoena confidential and that the defendant has failed to show that it is authorized by law to obtain this information.”[2]
The defendant in oral argument maintains that the allegations made by defendant’s wife were in retaliation to certain actions taken by the defendant with DSS. Defendant contends that his wife applied for and received benefits from DSS. Defendant alleges that he had not known that his wife was receiving benefits for herself and their two children. The defendant asserts that in fact he was providing support for her and his two children during 1996. In September or October of 1996, the defendant alleges that he first discovered that his wife was receiving benefits. Defendant maintains that he spoke to the Fraud Unit of DSS and ascertained that his wife was receiving welfare as he was listed as a “deadbeat dad” who has not been providing financial support for his children. Defendant then showed the representative of the Fraud Unit of DSS proof of *462 his support in the form of receipts. Shortly thereafter, the defendant was served with a petition from DSS demanding that defendant make support payments to DSS.
Defendant alleges that he asked his wife why she was receiving DSS benefits when in fact he was supporting his family. Defendant contends that only after he confronted his wife and informed her that he had reported her to DSS did she file these charges against him. According to defendant, the support petition was discontinued by DSS.
DSS provides public assistance, medical assistance (Medicaid) and food stamps to eligible individuals. DSS furnishes these benefits subject to the constraints of statutes as well as regulations issued by the New York State Department of Social Services (State DSS). (Social Services Law §§ 56, 77.)
Medicaid is funded largely by, and food stamps are funded solely by, Federal funds. (See, 7 USC § 2025; Social Services Law § 157 et seq.) In order to secure these funds, State DSS must submit “State plans” to the United States Department of Health and Human Services, in regard to public assistance and Medicaid, and a plan of operation to the United States Department of Agriculture, in regard to food stamps. (See, 7 USC § 2020 [d].) State DSS plans, as well as the regulations State DSS employs to implement these plans, must comply with the requirements of Federal statute and regulations. (Townsend v Swank, 404 US 282, 285.)
As a general rule, information contained in public assistance records is to be considered confidential and may not be disclosed unless statute or regulation particularly exempts the information from the confidentiality requirement. (Roberts v Austin, 632 F2d 1202, reh denied 636 F2d 315, cert denied 454 US 975 [Florida State attorney does not have general access to food stamp records]; D & Z Holding Corp. v City of N. Y. Dept. of Fin., 179 AD2d 796, lv denied 79 NY2d 758 [affirmance of lower court’s order quashing landlord’s subpoena seeking identities of tenants receiving public assistance]; Matter of Sabol v People, 203 AD2d 369 [public assistance records are confidential and not subject to in camera inspection]; Doe v Greco, 62 AD2d 498 [affirmance of lower court’s order enjoining local official from disclosing names, addresses and amounts of assistance received by recipients].)
The Federal statute and regulations allow disclosure of information concerning applicants and recipients of public assistance for purposes directly connected with the administration of the subject benefit program. (7 USC § 2020 [e] [8] [Food *463 Stamp Program]; 42 USC § 1396a [a] [7] [Medicaid Assistance Program]; 42 USC § 602 [a] [9] [Aid to Families with Children Program]; see also, 7 CFR 272.1 [c]; 45 CFR 205.50.) The Federal requirement of confidentiality except for purposes related to the administration of a public assistance program is implemented by State statute and regulations which impose substantially similar restrictions on the disclosure of information. (Social Services Law § 136; 18 NYCRR part 357.)
Social Services Law § 136 (1) authorizes disclosure to “any body or official required to have such information properly to discharge * * * his duties” (see also, 18 NYCRR 357.3 [e] [1] [Disclosure to Federal, State or local official. Information may be disclosed to any properly constituted authority.];[3] compare, Matter of Krauskopf v Giannelli, 121 Misc 2d 186 [Address of welfare recipient, who was a material witness in Grand Jury investigation, could be secured from confidential records of DSS. Information sought by subpoena could not readily be obtained by other means and limited access to DSS records was required by Grand Jury to perform adequately its mandated function.], with People v Poppalardo, Richmond County, indictment No. 212/89 [court denied District Attorney’s request to disclose information concerning the possible welfare status of the key witness in a homicide prosecution as information sought was not for reasons related to Federal public assistance program]). The Federal statutes and regulations also allow disclosure of information even when unrelated to the administration of a public benefit program when sought for the purpose of apprehending a fugitive felon, parolee or probationer. (7 USC § 2020 [e] [8]; 45 CFR 205.50 [a] [1] [v].)
This court holds that the New York State statutory authority allowing disclosure to an “official required to have such information properly to discharge * * * his duties” (Social Services Law § 136 [1]) is not preempted by the Federal statutory and regulatory restriction against disclosure of information except for purposes directly relating to public assistance programs. Welfare unlike the Food Stamp Program is not funded solely by the Federal Government. In the instance of *464 individuals, the States and their localities are the source of funding. For families, the States and their localities jointly fund the program along with the Federal Government. The State, although bound by Federal disclosure requirements with respect to programs that are exclusively Federally funded, “can readily permit more liberal divulgence as to welfare programs funded entirely on its own or jointly with its localities.” (Matter of Krauskopf v Giannelli, 121 Misc 2d, at 189, supra.) The State regulations support such an interpretation. (See, 18 NYCRR 357.3 [e].)
This court is an official body and a Justice of this court is a State official. (NY Const, art VI, §§ 1, 6, 20; Public Officers Law § 2.) This court is charged to carry on its functions and to administer justice. This court, as the first part in the State and currently the only one in the Nation exclusively dedicated to adjudicating domestic violence felonies, acknowledges and readily accepts its special obligation to help ensure the safety of targeted victims who have been and may continue to be intimately involved with an accused. This court also recognizes its duty to protect the rights of persons accused of crimes. The general rule of confidentiality must yield to the exemption permitting disclosure in order for an official to discharge her duties. This is especially so when the duty is so basic as the administration of justice. Fundamental fairness requires that one accused of a crime be allowed access via in camera review by the court, of records which may help prove an accused to be innocent. (Matter of State of N. Y. Div. for Youth v Horan, 56 AD2d 632.)
Disclosure of confidential records of this kind is not warranted in every case simply because a criminal proceeding has been commenced. Absent a showing of some compelling reason crucial to his defense, a defendant is not entitled to have a DSS file potentially made available to him by an in camera review by the court. (See, People v Leggett, 55 AD2d 990.) When a party is seeking disclosure not for the purpose of establishing a critical element of the case, but simply to conduct a fishing expedition for the purposes of attacking the credibility of a complainant, then disclosure must be denied. (Matter of Van Alstyne v Michael EE., 63 AD2d 800; Pilarski v State, 635 NE2d 166 [Ind].) Yet, when as here, the defendant alleges that the DSS records provide not only a critical element vital to his defense, but also a reason or motive for his wife to fabricate the charges against him, in camera disclosure to the court is warranted. (See, State ex rel. State v Church, 35 Wash 2d 170, *465 711 P2d 701 [Court ordered production and in camera disclosure of county welfare records of prosecution witness-victim of an alleged rape. State of Washington had similar statute and regulations to New York in safeguarding public assistance information from disclosure in court. Court ordered production of records for in camera review as records were relevant to litigation pending in court]; see also, Matter of State of N. Y. Div. for Youth v Horan, 56 AD2d 632, supra [confidentiality statutes and regulations did not prohibit disclosure of various reports and records of State Division for Youth which might have been vital to defense of Division employee who was charged with serious misconduct and requested records for use at discharge hearing]; Early v County of Nassau, 98 AD2d 789; Matter of D’Elia v Philip C., 57 AD2d 836; Addie W. v Charles U., 44 AD2d 727 [information in Social Services’ files while restricted to general disclosure is not prohibited from disclosure via in camera review to parties in a paternity proceeding]; Matter of Robinson, 140 Misc 2d 599 [motion for in camera review of DSS records is granted where guardian ad litem sought identity of putative father of decedent-infant in compromise and settlement of wrongful death action].)
In the matter sub judice, the defendant has presented a motive for the complainant to fabricate and to embellish the charges in the indictment. A defendant is always allowed to present evidence of motive to fabricate, bias or hostility. (Prince, Richardson on Evidence § 6-415 [Farrell 11th ed 1995].) When such evidence is sought to be brought out on cross-examination, it is not subject to the “ ‘collateral matter rule’ ”. (Prince, Richardson on Evidence § 6-305 [Farrell 11th ed 1995].)
DSS is ordered to produce the subject records for this court’s in camera review. The court will then determine whether any material relevant to defendant’s defense is contained therein.

. Three counts of criminal contempt in the first degree have previously been dismissed by this court on double jeopardy grounds as defendant was sentenced to consecutive sentences totaling one year by the Family Court for three violations of its protective order. (See, People v Triuck, 174 Misc 2d 585.)

. The defendant should have moved to subpoena the records sought on at least one day’s notice pursuant to CPLR 2307. A subpoena against a department or municipal corporation must be brought via motion unless the court orders otherwise. The court rather than place form over substance considers the defendant’s application as a motion and the City’s motion to quash as papers opposing defendant’s motion.

. A properly constituted authority under the regulation explicitly “includes a legislative body or committee upon proper legislative order, an administrative board charged with investigating or appraising the operation of public welfare, law enforcement officers, grand juries, probation and parole officers, government auditors, and members of public welfare boards, as well as the administrative staff of public welfare agencies.” (18 NYCRR 357.3 [e] [1].) This list is merely illustrative and not exclusive. (Cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 240.)