OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with four counts of sexual abuse in the first degree and one count of endangering the welfare of a child, as a result of his allegedly engaging in sexual contact with the 13-year-old daughter of his girlfriend.
The complainant’s mother, who disbelieved her daughter’s allegations and intended to testify for the defendant, provided information concerning the complainant to the defendant. This *535 included the fact that the complainant had a history of mental problems and the fact that she had recanted a prior complaint of sexual abuse against her stepfather. Based upon this showing, the defendant moved for the issuance of a judicial subpoena duces tecum to the Department of Social Services (Department) for discovery of this impeachment material in its records upon notice to both the People and the Department.
Cognizant that section 136 (2) of the Social Services Law rendered the requested material confidential (People v Graydon, 70 Misc 2d 336), but that in the appropriate situation the rights of the defendant could counteract the confidentiality imposed by that statute (Addie W. v Charles U., 44 AD2d 727; People v Truick, 175 Misc 2d 460), the court issued the judicial subpoena duces tecum[2] and examined the records of the Department of Social Services in camera (People v Doe, 170 Misc 2d 454),[3] over the opposition of that Department.
The People, while not specifically consenting to this procedure, made the novel request that if the court furnished impeachment material regarding the complainant to the defendant, that it also furnish impeachment material regarding the defendant’s potential witnesses to the People. The defendant, of course, objected to this request, claiming confidentiality could be breached only in the defendant’s favor.
An examination of the records of the Department of Social Services disclosed impeachment material that would be useful to both the defendant and the People.
Discussion to resolve this issue should begin with the proposition that the People also have the right to a fair trial (Snyder v Massachusetts, 291 US 97, 122 [“justice, though due to the accused, is due to the accuser also”]; People v Kingston, 8 NY2d 384, 387 [“While we are ever intent on safeguarding the rights of a defendant * * * we recognize at the same time that the State has its rights too”]).
Although there is no precise precedent for the People to request impeachment material contained in confidential records, there are analogous precedents to which resort may be made.
*536 For example, the prosecutor possesses the right to interview witnesses for the defendant (People v Miller, 89 NY2d 1077, 1079; People v Van Hook, 184 AD2d 741, 742, lv denied 80 NY2d 935; People v Harris, 84 AD2d 63, 102, affd 57 NY2d 335, cert denied 460 US 1047; see, People v Perez, 221 AD2d 169, 170, lv denied 87 NY2d 976; People v Potter, 50 AD2d 410, 412) just as witnesses for the prosecution must be made available for the defendant’s counsel to interview (People v Sapia, 41 NY2d 160, 165; People v Osorio, 86 AD2d 233, appeal dismissed 57 NY2d 671; People v Eanes, 43 AD2d 744; People v Sterling, 113 Misc 2d 552, 555).
For a second example, there are many rules of evidence that may be utilized by both the prosecutor and the defendant.[4] A witness may be impeached by a prior inconsistent statement by the prosecutor (People v Wise, 46 NY2d 321, 326), and the defendant (People v Duncan, 46 NY2d 74, 80, rearg denied 46 NY2d 940, cert denied 442 US 910, rearg dismissed 56 NY2d 646); and prior statements of witnesses must be furnished by the defendant to the prosecutor (People v Damon, 24 NY2d 256, 261), and by the prosecutor to the defendant (People v Rosario, 9 NY2d 286, 289, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876).
For a third example, the prosecutor may utilize the Grand Jury testimony of a witness at a later trial upon proof that the defendant had caused the unavailability of that witness through violence, threats or chicanery (People v Geraci, 85 NY2d 359, 365-366), just as the defendant may utilize the Grand Jury testimony of an unavailable witness where such testimony is material, exculpatory and reliable (People v Robinson, 89 NY2d 648, 650).
The application of similar rules relating to witnesses in all these examples indicates the law’s intention to treat each party equally.
The following instances of impeachment material relating to both the complainant and the defendant’s potential witnesses were found after the in camera inspection of the records of the Department of Social Services:
The complainant had exhibited some mental health problems which could affect her credibility (see, People v Parks, 41 NY2d 36), and the same was true of the complainant’s mother, a potential defense witness (People v Rensing, 14 NY2d 210).
*537 The complainant had recanted her allegation that her stepfather sexually abused her, which would bear upon her credibility (see, People v Grant, 241 AD2d 340, 341, lv denied 90 NY2d 1011, 91 NY2d 873), but this complaint was not made by her to the police and was elicited approximately two years after it allegedly occurred, which, while it also could affect her credibility (see, People v Vincent, 34 AD2d 705, 706, affd 27 NY2d 964, rearg denied 28 NY2d 583), might be also offered as an explanation of the impeaching material (see, People v Ferraioli, 101 AD2d 629, 630).[5]
The complainant threatened her brother, a potential defense witness, that she would assault him if he did not corroborate her version of the incident, and this could detract from her credibility (see, People v Jacaruso, 244 AD2d 503, lv denied 91 NY2d 874), but the brother did in fact corroborate the complainant’s version, counteracting the inference that she was fabricating and this would be in essence a prior inconsistent statement (see, People v Carter, 227 AD2d 661, 662, lv denied 88 NY2d 1067).[6]
Accordingly, the impeachment material pertaining to both the complainant and the defendant’s potential witnesses included in the records of the Department of Social Services was furnished to both parties.

. Compliance with section 50-b of the Civil Rights Law requiring notice to the mother of the alleged victim was not necessary in this case due to the mother’s obvious partiality.

. This decision reviewed the problem of the issuance of a judicial subpoena duces tecum without notice for confidential records and their examination in camera.

. An exception is evidence regarding a composite sketch which is inadmissible on behalf of the prosecutor (People v Lindsay, 42 NY2d 9, 12) but admissible on behalf of the defendant (People v Griffin, 29 NY2d 91, 93).

. This decision, of course, belongs to the prosecutor and not to the court (see, People v Nelson, 188 AD2d 67, lv denied 81 NY2d 974).

. Although the defendant sought information regarding the complainant’s mental problems and her prior recantation of a complaint of sexual abuse, there is authority that items not specifically requested in confidential records but nevertheless relevant should be disclosed (see, Lawrence v City of New York, 118 AD2d 758, 759).